ESTATE OF G. E. NIEMAN, DECEASED.

APPEAL BY A. U. LAUMAN ET AL. FROM THE ORPHANS' COURT OF ALLEGHENY COUNTY.

Argued November 8, 1889—Decided January 6, 1890.

1. Where a will gives an estate to the testator's widow, upon the express condition that she pay certain legacies to collateral relatives, the gifts to the legatees are direct and they are subject to the collateral inheritance tax.

2. If, under the terms of the will, the widow has power to appropriate the residuum to her own use during life, with a disposition over, the amount of the collateral inheritance tax, if any, payable thereon, cannot be ascertained until her death.

Before PAXSON, C. J., STERRETT, CLARK, WILLIAMS, MCCOLLUM and MITCHELL, JJ.

No. 254 October Term 1889, Sup. Ct.; court below, No. 111 May Term 1889, O. C.

On May 29, 1889, August Lauman and Johanna M. Nieman, executors of the will of Gerhardt E. Nieman, deceased, presented their petition praying for the allowance of an appeal from the decree of the register of wills assessing a collateral inheritance tax upon legacies and real estate bequeathed and devised by the will of said decedent. The assessment appealed from was as follows:

| | | | | |
|---|---|---|---|---|
| Henry Nieman Pruss | . | . | $6,000 00 | |
| Eldest child of W. Nieman | . | . | 500 00 | |
| The German etc. Church | . | . | 2,000 00—$8,500 00 | |
| Tax, 5 per cent | . | . | . . . | $425 00 |

| | | |
|---|---|---|
| Real Estate . . . . | $ 4,500 00 | |
| Amount of inventory . . | 97,912 68 | |
| | $102,412 68 | |
| Less legacies . . . . | 8,500 00 | |
| Balance . . . . | $93,912 68 | |
| Deduct expenses . . . | 6,895 63—$87,017 05 | |
| Value of life estate of widow . . | . 29,005 69 | |
| Net balance . . . . . | . $58,011 39 | |
| Tax, 5 per cent on net balance . . | . $2,900 56 | |

Statement of Facts.

Citation having been waived by the register and an answer filed, it appeared that the will of the testator contained the following provisions :

" 2. After all my legal debts are paid, as well as the funeral expenses, I give, devise and bequeath all the estate of which I am seised at the time of my departure from this world, real, personal or mixed, to my beloved wife Johanna M. Nieman, her heirs or assigns, to have and to hold the same as her own undisputed property, on the condition that she, my beloved wife Johanna M. Nieman, and August H. Lauman, as executrix and executor, which I hereby appoint and constitute them to be, to pay the following legacies, at the time named hereafter, and to the following persons, to wit:

" 3. I give and bequeath to Henry Nieman Pruss, at this time a boy twelve years of age, three (3,000) thousand dollars, which money shall be expended for his education. Should this whole sum, three thousand dollars, not be wanted for his education, then and in such case the remainder thereof shall be paid to him at the time of his being of age twenty-five years, provided he is a sober and a industrious man. If, however, he should not be a sober and a industrious man, then the money set apart for him, or such remainder of it as is left, shall be disposed of as provided for hereafter.

" 4. I give, devise and bequeath the first-born child of Wilhelmine Nieman, living at Venne Amt Wittlage, Hanover, Germany, five hundred ($500) dollars, which money shall be sent to George R. Linnenschmidt, living at Venne Amt Wittlage, Hanover, Germany, at a time and in payment as my beloved wife, Johanna M. Nieman, thinks proper at her own deliberation ; said George R. Linnenschmidt to act as guardian to invest said money and pay the benefit of it to the above described child; and the whole sum to the same when she is of age twenty-five years. Item. Should either one or both of the children, Henry Nieman Pruss and the first-born child of Wilhelmine Nieman at Venne, depart from this world before they are of age, then and in such case the money set apart for them, or such remainder of it as is left, shall be disposed of as provided for hereafter.

" 5. Condition on which I, Gerhardt E. Nieman, give, devise and bequeath all my property to my beloved wife, Johanna M.

Statement of Facts.

Nieman, to wit: That after her natural life has ceased, all the estate, real personal and mixed, of which she is seized at the time of her death, shall be disposed of in the following described manner by the executors named hereafter, to wit: That after her legal debts are paid and her funeral expenses defrayed, including a tombstone just in shape and quality as my own shall be, two thousand (2,000) dollars shall be given to the German Evangelical Lutheran Matthaeus Church, on North avenue, Allegheny City, Pa., . . . . .

" 6. That all the remainder of her estate, be it real, personal or mixed, of which she may die seised, shall be given and bequeathed to erect or support an orphan asylum of the Evangelical Church confessing and practicing the doctrines of the unaltered Augsburg confession, and the other symbols of said church contained in the Book of Concord of A. D. 1580 ; . . . ."

—By a codicil to the foregoing will the testator provided:

"1. It is my will and intention that my said wife, Johanna M. Nieman, shall have full power and authority to apply such portion or portions of my said estate, the principal as well as the income thereof, to her own use during her life ; and after her death such property of which she shall die seised, shall be applied as in my said will directed.

" 2. I hereby authorize and empower my said wife, Johanna M. Nieman, to sell and convey, in as full and ample a manner as I could have done, all my real estate, at such price or prices, and at such time or times as she may deem best ; with full power to make, execute and deliver such deed or deeds or assurances in law, as may be necessary to convey the same.

" 3. I give and bequeath to Henry Nieman Pruss an additional sum of three thousand dollars, ($3,000), which said sum shall be paid to him one year after the departure of my beloved wife, Johanna M. Nieman, from this world ; provided he is then of the age of twenty-five years ; but if he is not of the age of twenty-five years, I direct John F. Bruggeman and August H. Lauman, in my said will named, shall retain the said sum of three thousand dollars and securely invest the same until Henry Nieman Pruss shall arrive at the age of twenty-five years, when they shall pay the same to him with the interest thereon accruing after the death of my beloved wife. And I wish to here express my earnest desire that Henry Nieman Pruss will grow a sober and industrious man."

On June 25, 1889, argument having been heard on petition and answer and the will exhibited, the following opinion was filed, HAWKINS, P. J.:

The court is of opinion that, (1) The pecuniary legacies given to H. N. Pruss and the first-born child of Wilhelmine Nieman are vested and therefore subject to the lien of collateral inheritance tax; and (2) As Mrs. Nieman has the power to appropriate the balance of the estate to her own use during life, the amount, if any, collateral inheritance tax to which the state shall be entitled, cannot be ascertained until the widow's death. The reasons which have led to this conclusion will be briefly stated.

1. The legacies are completely cut off from the rest of the estate; the bequest is direct, and there is no gift, expressed or implied, of an interest in the subject, to any other than these legatees; and certainly Mrs. Nieman can justly claim no residuary or contingent interest. She is given the estate upon express condition that "she" pay these legacies to the "persons named" at a definite "time." The direction, so far as she is concerned, is absolute and unqualified; she is given the balance of the estate after the payment of these legacies, and nothing more. The provision in the clause containing these legacies for contingencies "hereafter" is not answered by the fifth clause which follows. That clause gives Mrs. Nieman no additional interest in the estate; it is a general residuary clause, and it makes no reference to the pecuniary legacies. It simply directs a disposition by her of such estate as she should die seised. Suppose she should die before the contingency upon which these legacies are said to depend should happen, could she, in contemplation of law, be said to have died seised or possessed of them? Surely not.

It was suggested at the argument that in case of doubtful construction the presumption must be in favor of testacy, and that consequently the fifth must be regarded as a general residuary clause. The answer to this is, that the meaning of a testator must be ascertained from the language which he has used, and that the language used here will not justify an inference of an intention to give the widow any interest in these legacies. The whole scope of the clause is limited to a direction how to dispose of the remainder of the estate which had

been previously given her. The word "hereafter" does not necessarily mean hereinafter, but may refer to a contemplated codiciliary provision.

The fact that no provision for a gift over upon the contingencies mentioned was made in the will, and that the subject was manifestly in the testator's mind when the codicil was executed, seem to indicate the latter sense. The purposes of testator had in the meantime undergone a change in respect of a gift over upon contingencies. The habit of sobriety in the legatee which before had been an intended basis of condition subsequent was made simply precatory. The testator must be assumed to have had his whole scheme of disposition in mind when he made his codicil. He attached no condition to these legacies, and there is no apparent reason why we should clog one and not the other. The first legacy to H. N. Pruss was expressly given for his education, and might all be used for that purpose. The legacy to the first-born child of W. Nieman must be sent to Germany, whence no return would likely be made.

2. Construing the whole will together, there is no apparent limitation upon the widow's power to appropriate during life to her own use the estate given her. In the second clause, it is given to her "to have and to hold the same as her own undisputed property;" and in the first clause of the codicil she is expressly given "full power and authority to apply such portion or portions of my (the) said estate, the principal as well as the increase thereof, to her own use during life," and only the estate of which she shall die seised, and necessarily the balance, is given over. There is no limitation upon the use, nothing is said about support or maintenance: Lininger's App., 110 Pa. 398. There is no measure, therefore, by which the balance can be ascertained as a basis for collateral inheritance tax.

And now, to wit, June 25, 1889, this matter came on to be heard upon appeal from the assessment of collateral inheritance tax upon the estate of decedent, and was argued by counsel; and upon consideration thereof, it is ordered, adjudged and decreed: (1) [That the appeal from the assessment of collateral inheritance tax on legacies to Henry N. Pruss and the first-born child of Wilhelmine Nieman be dis-

missed.] [1]   And (2) that the appeal from the assessment of the residue of estate be sustained, and said assessment is set aside and vacated.  The tax on said legacies and the costs of this proceeding to be paid by executors out of the residuary estate.

Thereupon the petitioners took this appeal, specifying that the court erred:

1. In the portion of the decree embraced in [ ] [1]

2. In not sustaining the said appeal from the assessment of the collateral inheritance tax on the legacy to the German Evangelical Lutheran Church of Allegheny city, Pa., and in failing to set aside and vacate the said assessment on the same.

3. In failing to sustain the said entire appeal and in failing to set aside and vacate the said entire assessment of collateral inheritance tax.

*Mr. J. P. Hunter*, for the appellants.

Counsel cited: Boards of Missions' App., 91 Pa. 507; Stover's App., 77 Pa. 284; McClure's App., 72 Pa. 417; 2 Williams on Exrs., 1059; 1 Roper on Legacies, 566, 567.

*Mr. R. B. Petty*, for the appellee.

Counsel cited: Sections 5, 6, act of May 6, 1887, P. L. 79; §§ 49, 63, act of February 24, 1834, P. L. 83, 85; Roberts's App., 59 Pa. 70.

PER CURIAM:

We find no error in this decree.  The pecuniary legacies to H. N. Pruss and the first-born child of Wilhelmine Nieman are clearly liable to the collateral inheritance tax.  The gift to them is direct; they are collaterals, and no one else has any interest in said legacies.  The widow is given the estate upon the express condition that she pay these legacies.

As to the residue of the estate, it goes to the widow, under the terms of the will.  It is true, there is a disposition of the surplus remaining after her death, but there may be no such surplus.  The widow is given full power over the estate, and should there be a surplus, the amount of it can only be ascertained after her death.

The decree is affirmed, and the appeal dismissed, at the costs of the appellants.