## Henninger *v.* Henninger, Appellant.

*Will—Devise—Life estate—Power of sale.*

There is no repugnance between a devise for a life term, and a superadded power of sale. Both may operate, and when the power is executed, it is, where it is not otherwise ordered, simply a substitution of one kind of property for another, the estates of those interested remaining the same in the thing substituted.

Testator devised real estate to his wife for life with the right in her, however, to use, sell and dispose of any or all of said estate for the use and support of herself and H. He further directed as follows : " Should my wife die before H. my will is that such portion as shall then remain shall be for the use and support of H., with the right in her to sell and dispose of the same for her maintenance and support, and upon the death of both my wife and H., and after the payment of their funeral expenses, what portion of my estate shall then remain shall vest in and become the absolute property of my sister E., and her heirs." *Held*, that H. could contract to sell and make a valid title in fee simple to the land passing under the will of testator.

Argued March 11, 1902. Appeal, No. 339, Jan. T., 1901, by defendant, from judgment of C. P. Franklin Co., Sept. T., 1901, No. 80, on case stated, in suit of Elizabeth Henninger v. F. A. Henninger. Before DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Case stated to determine the marketable title to real estate.

JOHN STEWART, P. J., filed the following opinion:

Mrs. Elizabeth W. Henninger, plaintiff in this action, derives whatever title she has to the real estate which is the subject of this contract from the will of Jacob Coover. The will reads as follows: " All the residue of my estate, real, personal and mixed, of which I shall die possessed . . . . I will and devise to my beloved wife, Sarah A. Coover, to be hers during her life, with the right in her, however, to use, sell and dispose of any or all of said estate for the use and support of herself and Mrs. Elizabeth W. Henninger. Should my wife die before Mrs. Elizabeth W. Henninger, my will is that such portion of my estate as shall then remain shall be for the use and support of Mrs. Elizabeth W. Henninger, with the right in her to sell and dispose of the same for her maintenance and support, and upon the death of both my wife, Sarah, and Mrs. Elizabeth W. Henninger, and after the payment of their funeral expenses, what portion of my estate shall then remain shall vest in and become the absolute property of my sister, Eliza Bishop, and her heirs."

The widow survived her husband but a few months. Mrs. Henninger, surviving devisee, has contracted to sell to the defendant certain real estate admittedly the subject of the foregoing devise. The defendant declines the deed tendered in fulfilment of the contract, on the ground that under the will of Jacob Coover plaintiff takes but a life estate in the premises, and that she can convey no greater interest therein.

The first part of this proposition is unquestionably correct; the latter is just as unquestionably wrong. Upon the death of the widow, Mrs. Henninger became sole life tenant of the property. Her estate was not enlarged to a fee by the superadded power to sell: Hinkle's Appeal, 116 Pa. 498. It follows, that a conveyance of her interest in the premises, unrelated to the power of sale contained in the will, would pass to the purchaser nothing more than her life estate: Jones v. Wood, 16 Pa. 25. Were we considering such a deed defendant's contention would be sustained. But the subject of this contract is not the plaintiff's estate in the premises ; she is not attempting to convey her own property, but the property of the testator, under a power in the will. The purchaser will not take under her, but under Jacob Coover. By executing the power of sale, Mrs. Henninger surrenders her life estate, it is true, but what

the purchaser gets is whatever estate Jacob Coover, the testator, had in the premises at the time of his death.

There is no repugnance whatever between a devise for a life term, and a superadded power of sale. Both may operate, and when the power is executed, it is, where as in this case it is not otherwise ordered, simply a substitution of one kind of property for another; the estate of those interested remaining the same in the thing substituted. Here the money is substituted for the land, and Mrs. Henninger will stand, with respect to it, just as she did towards the real estate; it will be hers for life, to use it for her support and maintenance, and what remains at her death will pass to Mrs. Bishop and her heirs: Brockley's Appeal, 4 Atl. Repr. 210; Schmid's Estate, 182 Pa. 271.

There is no force in the argument that, in effect, this construction makes a fee out of what is expressly declared to be a life estate. It gives to the life tenant just what the testator said she should have, and nothing more, a life estate in the property, with a power to sell it and use whatever portion might be necessary for her support. It may or may not turn out in the end, that Mrs. Henninger will have received out of this devise all that she could have received from an absolute devise; but whichever event happens, it will be in accordance with testator's clearly expressed wish. He committed the estate to her, for her use, with power to dispose of it for purposes of her own support and maintenance. The time has come when she chooses to exercise this power. That is a matter for her own determination. The testator gave us no supervisory power, and the law gives us none. The absolute right of disposal of this property, at any time she may conclude it is needed for her support and maintenance, is with Mrs. Henninger, under the will of Jacob Coover, and all inquiry ends with her.

And now, October 7, 1901, judgment in favor of the plaintiff on the case stated against the defendant for the sum of $2,400.

*Error assigned* was in entering judgment for plaintiff on case stated.

*J. R. Ruthrauff*, with him *W. U. Brewer*, for appellant.

*Charles Walter*, for appellee, was not heard.

PER CURIAM, March 24, 1902:

The learned judge of the court below was clearly right, in holding, that by the terms of Jacob's Coover's will, the proposed conveyance of Elizabeth Henninger was not the assertion of title in her, but the exercise of a full power conferred upon her by the will. On his lucid opinion we affirm the judgment.