## Coover's Estate.

*Will—Orphans' court—Jurisdiction—Dispute as to ownership of fund.*

Testator gave his estate to his wife with the right to use and sell the same for the support and maintenance of herself and her mother. If the mother survived the wife she had the right to sell and use the estate for her support and maintenance. After the death of both and after the final expenses were paid the portion then remaining was to go to testator's sister. The mother survived the widow of testator and sold the real estate. After her death the testator's executor applied to the orphans' court for an order on the mother's administrator to pay over the balance in his hands. *Held,* that the order was properly refused inasmuch as the balance, if any, belonged to testator's sister, and the executor was not entitled to it.

Argued Oct. 18, 1904. Appeal, No. 143, Oct. T., 1904, by W. C. Bishop, administrator d. b. n. c. t. a. of the estate of Jacob Coover, deceased, from decree of O. C. Phila. Co., refusing order to pay over money in estate of Jacob Coover, deceased. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Petition to pay over money.

The material portion of Jacob Coover's will is as follows:

" Second. All the residue of my estate, real, personal and mixed, of which I die possessed (excepting my burial lot in Cedar Grove Cemetery), I will and devise to my beloved wife, Sarah A. Coover, to be hers during her life, with the right in her, however, to use, sell and dispose of any and all of said estate, for the use and support of herself and Mrs. Elizabeth W. Henninger. Should my wife die before Mrs. Elizabeth W. Henninger my will is that such portion of my estate as shall then remain shall be for the use and support of Elizabeth W. Henninger, with the right in her to sell and dispose of the

same for her maintenance and support. And upon the death of both my wife, Sarah, and Mrs. Elizabeth W. Henninger, and after the payment of their funeral expenses, what portion of my estate shall then remain shall vest in and become the absolute property of my sister, Eliza Bishop, and her heirs."

Mrs. Henninger survived Mrs. Coover and sold the real estate.

Other facts appear by the opinion of the Superior Court.

The court refused to make the order prayed for in the petition.

*Error assigned* was the decree of the court.

*W. Rush Gillan*, of *Gillan & Gillan*, for appellant.—The jurisdiction of the orphans' court to assist executors and administrators to obtain control of decedents' assets is very extensive : Tyson's Estate, 191 Pa. 218.

They have the power to compel the surrender, even though the assets be in the hands of another than the trustee : Brooke's App., 102 Pa. 150 ; Tyson v. Rittenhouse, 186 Pa. 137.

*Charles Walter*, for appellee.

OPINION BY MORRISON, J., December 16, 1904 :

The petition of W. C. Bishop, Administrator d. b. n. c. t. a., of the estate of Jacob Coover, deceased, prayed the aid of the orphans' court in obtaining possession of personal property and the proceeds of the sale of real estate belonging to said estate, but in the possession and control of the executor of Elizabeth W. Henninger, deceased, and the beneficiaries under her will. To this petition and rule thereon, answer was filed denying that a portion of the property belonged to the Coover estate ; as to another portion the ownership was neither admitted nor denied, but demand was made for proof as to the title thereto. As to the $2,400 received by Mrs. Henninger for real estate sold and conveyed under the power contained in the last will of Jacob Coover, the answer admitted that a portion of this money was in the possession of the executor of the last will and testament of Elizabeth W. Henninger.

In Henninger v. Henninger, 202 Pa. 207, it was held that

Elizabeth W. Henninger had a life estate in the real estate of Jacob Coover, deceased, the sale of which by her produced the $2,400 named in the petition. It was also held that she had power, under the will, to sell and convey this real estate in fee, but she only had a right to use so much of the proceeds as might be necessary for support, and after her death this fund was liable for her funeral expenses.

In his opinion the learned judge of the orphans' court said : " Manifestly in the face of such an answer, before the will of Jacob Coover can be considered, it must be established that the property was his. In this proceeding such question cannot be determined. Respondent admits that more remains of the money realized from the sale of the real estate than is required to pay the funeral expenses of Elizabeth Henninger. It is claimed that under the will of Jacob Coover, this residue passes to those represented by the petitioner. If this be so, the claim can be as effectively asserted in the distribution of Elizabeth Henninger's estate. The matter cannot now be adjudicated since the amount is undetermined, and no reason appears why the day of accounting should be anticipated."

It was decided in Henninger v. Henninger, 202 Pa. 207, that the money received from the sale of the real estate, under the power contained in the Jacob Coover will, after the payment of Mrs. Henninger's support and funeral expenses, would vest in Eliza Bishop and her heirs, as the real estate would have passed if not sold. That case, and the last will of Jacob Coover, seems to vest in Eliza Bishop the personal and mixed estate of Jacob Coover, remaining at the death of Elizabeth Henninger. But it would seem to be liable for the payment of valid claims for the support of Mrs. Henninger, remaining unpaid at her death. And also for her funeral expenses, unless the latter were paid out of the real estate fund.

If Eliza Bishop had presented her petition to the orphans' court and had made a clear showing that there was money, proceeds of the sale of the Jacob Coover real estate, and personal and mixed property covered by the Coover will, not necessary or liable for the payment of claims for the support of Mrs. Henninger and her funeral expenses, in the custody or control of the executor of the will of Elizabeth Henninger, it seems that the orphans' court would have jurisdiction to

order such money and property to be paid and delivered to Eliza Bishop, and this without subjecting it to the expense and delay of administration in the Henninger estate. But to entitle the petitioner to such an order or decree she must make a clear case : Tyson's Estate, 191 Pa. 218.

But the petition dismissed by the court below was not made by Eliza Bishop, nor did she join therein. It was the petition of W. C. Bishop, administrator, etc., of the estate of Jacob Coover, deceased. Now under the will of Coover it is not apparent that said administrator had any right to the money and property mentioned in his petition. It seems to belong to Eliza Bishop and her heirs. We do not here attempt to decide the ownership of said money, etc., but simply refer to the apparent ownership as a reason why the learned court did not err in dismissing W. C. Bishop's petition.

Elizabeth Henninger died December 25, 1903, and W. C. Bishop presented his petition January 26, 1904, and if this had been the petition of Eliza Bishop, the court could not then have awarded her the money and property because there might be unpaid claims against it for the support of Mrs. Henninger. And probably her funeral expenses were not then settled and paid.

Under the facts and circumstances before us, and the arguments of the learned counsel, we are not convinced that the learned court below erred in dismissing the petition. The appeal is dismissed and the decree affirmed at the costs of the appellant.