<table>
<tr><td>211</td><td>289</td></tr>
<tr><td>d 33 SC</td><td>116</td></tr>
<tr><td>211</td><td>289</td></tr>
<tr><td>219</td><td>¹ 58</td></tr>
</table>

## Huber *v.* Hamilton, Appellant.

*Will—Devise—Fee simple estate—Power to sell—Restriction—Gift to widow.*

The words in a will which seem to import a restriction on the power of alienation cannot affect the primary devise of a fee. A power of alienation is an inseparable incident of a fee.

Testator directed as follows: "I give and devise to my beloved wife all the real and personal estate owned by me at my decease; she to dispose of any and all my real and personal estate she wishes to for her own use, so long as she remains my widow; on her decease or marriage, all of what is left to revert back to my legal heirs." *Held,* that the widow took an estate in fee simple.

Argued March 13, 1905. Appeal, No. 377, Jan. T., 1904, by defendant, from judgment of C. P. Lycoming Co., June T., 1904, No. 381, on case of Maggie Huber, Executrix of Milton Huber, deceased, v. T. B. Hamilton. Before DEAN, FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Assumpsit to recover balance of purchase money.

The case turned on the marketable title to real estate and was tried by the court without a jury.

From the record it appeared that the land involved in the sale by plaintiff to defendant, passed to plaintiff under the will of Milton Huber, deceased, which contained, inter alia, the following clause:

" 3. After the payment of my said debts and funeral expenses, and the $200 bequeathed to the Wildwood Cemetery Company, I give and devise to my beloved wife, Maggie Huber, all the real and personal estate owned by me at my decease, she to dispose of any or all of the real or personal estate she wishes to for her own use, so long as she remains my widow, on her decease or marriage all of what is left to revert back to my legal heirs."

The court held that under the above clause plaintiff took an estate in fee simple, and that she was entitled to judgment in in the sum of $2,200.   Defendant appealed.

*Error assigned* among others was in entering judgment for plaintiff.

*Otto G. Kaupp*, for appellant.

*Robert F. Allen* and *John G. Reading*, for appellee, were not heard.

PER CURIAM, March, 20, 1905:

This will gives to the wife an estate in fee simple under all the cases.   The words which seem to import a restriction on her power to alienate it cannot affect the primary devise of the fee.   A power of alienation is an inseparable incident of a fee: 4 Kent, 131; McWilliams v. Nisly, 2 S. & R. 507.

The learned judge of the court below reached the same result by holding, on the authority of Henninger v. Henninger, 202 Pa. 207, that the measure of her enjoyment of the estate, was, under the devise, as full as if testator had attempted no restriction.   It matters not on which theory the result is reached, the judgment is right, and is, therefore, affirmed.