## Huber's Estate.

*Executors and administrators—Absolute power of disposition—*
*Devise over. of property undisposed of—Decease of executrix—Lia-*
*bility of personal representative to account.*

The Orphans' Court will, upon petition of an heir at law of a
testator, require the personal representative of the deceased execu-
trix of the testator to file an account of the estate coming into her
hands where it appears that her decedent was the sole executrix
and beneficiary under the will of the testator providing as fol-
lows: "I give and bequeath to my beloved wife all the real
and personal estate owned by me at my decease, she to dispose of
any or all of the real or personal estate she wishes to for her own
use, so long as she remains my widow, on her decease or marriage,
all of what is left to revert back to my legal heirs," and that such
executrix had died without having filed an inventory or account.

Huber v. Hamilton, 211 Pa. 289, explained.

Argued Feb. 16, 1915.  Appeal, No. 351, Jan. T., 1914,
by William S. Huber, from order of O. C. Lycoming Co.,
Sept. T., 1898, No. 31, refusing citation in Estate of Mil-
ton Huber, Deceased.  Before BROWN, C. J., MESTREZAT,
ELKIN, STEWART and MOSCHZISKER, JJ.  Reversed.

Petition for citation.  Before WHITEHEAD, P. J.
The opinion of the Supreme Court states the case.
The court refused the petition.  Petitioner appealed.

*Error assigned* was in refusing the petition.

*Max L. Mitchell*, with him *H. W. Pyles*, for appellant: —Under the provisions of the will, the beneficiary did not take the real estate in fee or the personal property absolutely, although she may have had the right to consume the estate: Henninger v. Henninger, 202 Pa. 207; Allen v. Hirlinger, 219 Pa. 56; Nieman's Est., 229 Pa. 41; Tyson's Est., 191 Pa. 218.

The adjudication in Huber v. Hamilton, 211 Pa. 289, is not conclusive of the question in dispute: Tyson's Est., 191 Pa. 218; Norris's Est., 217 Pa. 548; Jackson v. Thompson, 215 Pa. 209.

*Otto G. Kaupp*, for appellee, cited: Huber v. Hamilton, 211 Pa. 289; Allen v. Hirlinger, 219 Pa. 56; Jauretche v. Proctor, 48 Pa. 466; Cressler's Est., 161 Pa. 427; Second Reformed Presbyterian Church v. Disbrow, 52 Pa. 219.

OPINION BY MR. CHIEF JUSTICE BROWN, April 12, 1915:

Milton Huber died August 17, 1898. By his will, duly admitted to probate, he appointed his wife sole executrix, and provided as follows: "After all the payments of my said debts and funeral expenses and the two hundred dollars bequeathed to the Wildwood Cemetery Company, I give and devise to my beloved wife, Maggie Huber, all the real and personal estate owned by me at my decease, she to dispose of any or all of the real or personal estate she wishes to for her own use, so long as she remains my widow, on her decease or marriage, all of what is left to revert back to my legal heirs." The widow died testate March 24, 1913, without having filed an inventory or account in her husband's estate. Letters testamentary were duly issued to her executrix, Irene G. Hamilton, the appellee, and the proceeding in the court below, brought up for review on this appeal, was insti-

tuted by William S. Huber, one of the legal heirs of Milton Huber, to compel the appellee to file an account as executrix of Maggie Huber, who had been executrix of the will of her deceased husband. The petition for a citation was dismissed, because the learned court below was of the opinion that this court had held, in Huber v. Hamilton, 211 Pa. 289, that Milton Huber had given his estate absolutely to his widow by the above quoted clause of his will. The appellant, his brother and one of his legal heirs, contended below and now contends here that such effect is not to be given to what we said in that case in a brief per curiam, affirming the judgment of the lower court.

Huber v. Hamilton is meagerly and inaccurately reported, as clearly appears from the paper books in the case, which I have before me. The court below did not, as the reporter states, hold that the widow of Milton Huber had taken "an estate in fee simple" under the clause in her husband's will now before us for interpretation. That was not the question before the then learned president judge of the Court of Common Pleas, who heard and disposed of the case without a jury. Between five and six years after her husband's death, Mrs. Huber, as "executrix and legatee" under his will, entered into a written agreement with T. B. Hamilton to convey to him certain real estate of which the testator had died seized. The sole question before the court below, as appears from the pleadings, the opinion of President Judge HART and his answers to the points submitted to him, was as to the power of Mrs. Huber to sell the real estate to Hamilton. The question whether she took a fee simple under her husband's will was neither considered nor passed upon by the lower court, though the clearly expressed view of that court was that what the testator contemplated should revert to his legal heirs was what might be left of his estate at the remarriage or death of his wife, that is, that portion of it which she had not disposed of in her lifetime while she remained unmarried.

We quote the following from the opinion of the court below: "It seems plain to us that the words 'she to dispose of any and all of my real and personal estate as she wishes to for her own use so long as she remains my widow,' were intended by the testator to give to his widow the power to make sale of any of his real estate she might wish for her own use; and that the estate over or in remainder provided for in the will applies only to 'what is left' thus undisposed of and unused by the beneficiary at her death or upon her remarriage." After saying this and concluding that, under Henninger v. Henninger, 202 Pa. 207, Mrs. Huber had power to sell to Hamilton, the court entered judgment in her favor for the amount of the unpaid purchase-money. All that was there decided was that she had power to sell, and, on the appeal to this court, we were confined to passing upon the correctness of the lower court's disposition of the one question before it. The statement that "the will gives to the wife an estate in fee simple," is to be regarded as an unfortunate obiter dictum. Such utterances not infrequently become embarrassing, and ought, therefore, to be avoided. It is always well for a court to limit what it says to just what is before it. In this connection it may be proper to note that nothing said in Huber v. Hamilton could have affected any rights of the "legal heirs of Milton Huber," for they were not parties to that proceeding, and what was left of the testator's estate passed to them only upon the death of his widow. They are now asserting their right to what may have been left, and that they are entitled to it is not an open question: Tyson's Est., 191 Pa. 218; Henninger v. Henninger, 202 Pa. 207; Dickinson's Est., 209 Pa. 59; Nieman's Est., 229 Pa. 41.

The decree of the court below is reversed, the petition for a citation is reinstated and the rule to show cause why it should not issue is made absolute, the costs below and on this appeal to be paid out of what may be left of the estate of Milton Huber, deceased.