## Seigworth's Estate.

*Will—Construction—Life estate—Gift to wife with power to consume.*

Where a testator gives and bequeaths all his "property real and personal" to his wife, and such provision is followed by gifts of money legacies to sons payable after the wife's death, and this is followed by a clause as follows: "I also request what part of my estate real and personal is left after the death of my said wife and the bequests heretofore mentioned paid, shall be divided equally," among certain of his children naming them, the gift to the wife is to be construed as a gift for life with power to consume the principal, if necessary.

Argued May 4, 1915. Appeal, No. 105, April T., 1915, by Anna E. Pemberton, Executrix of Estate of Caroline M. Seigworth, deceased, from decree of O. C. Clarion Co., Dec. T., 1913, No. 12, sustaining exceptions to auditor's report in Estate of J. C. Seigworth, deceased. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Exceptions to report of S. K. Clarke, Esq., auditor.

The case turned upon the construction of the will of J. C. Seigworth, deceased, and distribution thereunder.

The material portions of the will were as follows: "I order that all my just debts, funeral expenses and charges of proving this my will be in the first place fully paid and satisfied and after payment thereof and every part thereof, I give and bequeath to my beloved wife, Caroline M. Seigworth, all my property, real and per-

sonal. I also give, devise and bequeath to my son, George Elmer Seigworth after the death of my beloved wife Caroline M. Seigworth one thousand dollars; the thousand dollars is to be put in bank on interest and the interest is to be used for his keeping if necessary, but if the interest does not keep him there is to be enough of the principal used to keep him respectably; and herein mention that my executors hereinafter named shall see that the thousand dollars left to George Elmer Seigworth shall be used to the best advantage for him.

"I also give and bequeath to my sons after the death of my wife, C. B. Seigworth, the sum of five dollars and A. B. Seigworth the sum of five dollars. These two sons having received their portion before this.

"I also request what part of my estate real and personal is left after the death of my said wife and the beguests heretofore mentioned paid, shall be divided equally between O. L. Seigworth, H. F. Seigworth, Mrs. Lottie Confer, Annie E. Seigworth and Elsie M. Seigworth.

"I also herein request that after the death of George Elmer Seigworth what is left of the one thousand dollars bequeathed to him shall be divided as follows: O. L. Seigworth, H. F. Seigworth, Mrs. Lottie Confer, Annie E. Seigworth and Elsie M. Seigworth, share and share alike."

The auditor held that the widow took an estate in fee simple and made distribution accordingly.

Exceptions to the auditor's report were sustained and distribution made to the children of the testator instead of to the executrix of the widow.

*Error assigned* was in sustaining exceptions to auditor's report.

*George F. Witmer,* for appellant, cited: Good v. Fichthorn, 144 Pa. 287; Boyle v. Boyle, 152 Pa. 108; Sheets Est., 52 Pa. 257; Pennock's App., 20 Pa. 268; Evans v.

235, (1915).    Arguments—Opinion of the Court.

Smith, 166 Pa. 625; Huber v. Hamilton, 211 Pa. 289; Long's Est., 228 Pa. 594.

*F. J. Maffet,* of *Maffet & Rimer,* for appellee, cited: Stoner v. Wunderlich, 198 Pa. 158; King v. Savage Brick Co., 30 Pa. Superior Ct. 582; Wood v. Schoen, 216 Pa. 425; Burt v. Herron, 66 Pa. 400.

OPINION BY ORLADY, J., October 11, 1915:

In construing the will under consideration, the auditor relied on Huber v. Hamilton, 211 Pa. 289, in which the Supreme Court, held that under the devising clause "to my wife all the real and personal estate owned by me at my decease, she to dispose of all or any of the real or personal estate she wishes to for her own use, so long as she remains my widow, on her decease or marriage all what is left to revert back to my legal heirs" an estate in fee simple was created, and made distribution in accordance with that construction. The Orphans' Court held, that taking the will of the decedent from its "four corners"—"it was his intention to limit the estate to a life estate, with power to consume the principal if necessary," and reversed the conclusion reached by the auditor.

In Wood v. Schœn, 216 Pa. 425, it is stated that "the purpose in construing a will is to ascertain the intention of the testator, so that it may be carried out in the disposition which he has made of his property. Technical rules of construction should only be resorted to and applied in the interpretation of wills, when found to be necessary in determining the meaning of the instrument, so as to effectuate the purpose of the testator. If the language employed by him in disposing of his estate is plain and discloses his intention the will interprets itself, and hence no rules of construction are necessary to aid in its interpretation. All mere technical rules of construction must give way to the plainly expressed intention of the testator, if that intention is lawful. It is

a rule of common sense, as well as law not to attempt to construe that which needs no construction."

Taking this will as an entire document, and giving to its several causes the ordinary common sense interpretation they should bear to each other, we feel that to hold that the wife took an estate in fee simple would wholly defeat the residuary clauses of the will, and we adopt the conclusion reached by the Orphans' Court.

The decree is affirmed.