# Benedict *v.* Hawthorn et al., Appellants.

*Wills—Construction—Devise to widow—Power to consume—Fee simple estate—Words, etc.—"Property left."*

1. Where testator, after bequeathing a money legacy to a daughter, gives and devises the residue of his estate to his wife, and directs that, if his wife and daughter die, and the daughter leaves no children, "the property left by them be equally divided between" other parties named, the wife has power to consume all of the estate, real and personal, left to her, and may make a good title in fee simple of the real estate.

2. Not decided, whether, under the will, an alternate power of consumption, after the widow's death, was vested in the daughter, with an ultimate remainder to her children of what was left in fee.

Submitted February 22, 1921. Appeal, No. 309, Jan. T., 1921, by defendants, from judgment of C. P. Lackawanna Co., Nov. T., 1920, No. 257, for plaintiff on case-stated, in suit of Cassie Benedict v. Ludlow Hawthorne et al. Before WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before MAXEY, J.

The opinion of the Supreme Court states the facts.

The court entered judgment for plaintiff on the case-stated. Defendants appealed.

*Error assigned* was judgment, quoting it.

*B. Fenton Tinkham,* for appellant.—Although a fee is given in the first part of a will, it may be restrained by subsequent words so as to convert it into a life estate: Urich's App., 86 Pa. 386.

The general intent of a will being ascertained, a particular inconsistent intent will be overlooked: Schott's Est., 78 Pa. 40; Bellas's Est., 176 Pa. 122; Fassitt v. Seip, 240 Pa. 406; Fox's App., 99 Pa. 382.

The first takers have only a life estate: Parkhurst v. Harrower, 142 Pa. 432.

Where testator blends realty and personalty the phrase "what is left" has reference to personalty only when consumption is implied: Allen v. Hirlinger, 33 Pa. Superior Ct. 113; Schmid's Est., 182 Pa. 267; Zimmerman v. Anders, 6 W. & S. 218.

*James P. Wilson* and *John M. Gunster,* for appellee. —Where it appears from the face of a will that one person is made to be the first taker of an estate, or is made the favorite or principal object of testator's bounty, the law presumes that it was the intention of testator to favor that person and the will will be construed in the light of that intention: McFarland's App., 37 Pa. 300; Wilson v. McKeehan, 53 Pa. 79; Jackson's Est., 179 Pa. 77.

The power to consume real estate necessarily includes the power to convey: Kennedy v. Pittsburgh, etc., R. R. Co., 216 Pa. 575; Jackson's Est., 179 Pa. 77.

OPINION BY MR. JUSTICE KEPHART, April 25, 1921:

Cassie Benedict, widow of F. S. Benedict, agreed to convey to Ludlow and Emma O. Hawthorne, defendants, a piece of land left by her husband, and disposed of under his will. The only question necessary for the court below to answer was whether she could convey a good and marketable title to the premises. It was unnecessary to decide the quantity of the estate the widow took so long as she had power to convey a fee simple title. The operative section of the will is as follows: "I give to my beloved daughter, C. Mae, one thousand dollars. All the residue of my estate, real, personal and mixed, which I shall be entitled at my decease, I give, devise and bequeath to my beloved wife, Cassie. Should my wife and C. Mae die and C. Mae leave no children I will that the property left by them be equally divided between the Benedict and Smith heirs." The gift to the wife, in the

clause following that of one thousand dollars to the daughter, would vest in her a fee, and the subsequent provision may not disturb this intention, in that death might refer to an occurrence during the lifetime of the testator; but if this is not the case, it is quite clear the subsequent paragraph, with the former, would give her power to consume all the estate and therefore power to convey and make a good title to the real estate. The words "the property left by them," construed with the preceding absolute gift, would indicate at least that it was the testator's intention that she could consume the entire estate for whatever her necessities required. There was no limit put upon the use; if she needed the whole, she could have it. Evidently testator thought his wife would not need the whole estate, and there would be some left, however small, for others. There was no distinction in the residuary clause between the real and personal property, and an equal power to consume is implied by the doubt expressed in the words "left by them." There was an unlimited power to consume: Kennedy v. Pittsburgh & Lake Erie R. R. Co., 216 Pa. 575; Tyson's Est., 191 Pa. 218; Richey's Est., 251 Pa. 324; Allen v. Hirlinger, 219 Pa. 56. The property referred to was the decedent's, not property owned separately by the wife and daughter. We are all of the opinion the widow did not have simply a life estate, without more; and it may be, under the will, an alternate power of consumption, after the widow's death, was vested in the daughter, with an ultimate remainder to her children of what is left in fee. These questions are not now before us.

The appellee had the power to convey a good and marketable title to the premises and the judgment of the court below is affirmed.