## Grundler et al. *v.* Chmielinska, Appellant.

*Wills—Construction—Devise — Fee simple estate — Life estate with power of alienation.*

Where testator devises his real estate to his two daughters naming them, the survivor to take the entire estate if one shall precede the other in death, and then directs that, after the death of both daughters, the real estate, "if still owned by either of them," shall go to his three sons, the daughters have a right to sell the real estate and convey a good and marketable title to it; and this is the case whether they take a fee or a life estate with power of alienation.

Submitted October 12, 1921.  Appeal, No. 156, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny

Co., July T., 1921, No. 1987, for plaintiffs on case stated, in suit of Caroline Grundler and Mary Fridl v. Mary Chmielinska. Before MOSCHZISKER, C. J., FRAZER, WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Case-stated to determine marketability of real estate. Before CARPENTER, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiffs. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Earl F. Reed* and *W. S. Doty,* for appellant.

*Simon Sher,* for appellees.

PER CURIAM, January 3, 1922:

We affirm this judgment on the following excerpts from the opinion of the court below: "Barbara Grundler, being seized in fee of certain real estate in the City of Pittsburgh, died testate, January 30, 1917; by her will, since duly probated, she directed, inter alia, 'I give, devise and bequeath unto my daughters, Caroline Grundler and Mary Fridl, or their respective heirs and assigns forever, share and share alike, my real estate, and should one of my said daughters precede the other in death, then the surviving daughter shall receive the entire real estate. After the death of both of my said daughters, the real estate, if still owned by either of them, I give, devise and bequeath the same unto my three sons, Joseph Grundler, Frank Grundler and Wenzel Grundler or their respective heirs and assigns forever, share and share alike.' Caroline [unmarried] and Mary (the husband of the latter joining) entered into an agreement to sell and convey, in fee, the real estate mentioned, and subsequently tendered a deed to the purchaser, who refuses to comply with her contract, al-

leging that the grantors cannot convey 'a good and marketable title.'......The only contingency on which depends the right of the sons to take cannot happen if the contract involved is carried into effect by conveying the land. It is immaterial whether the daughters [plaintiffs] took a fee or a life estate with power of alienation, the purchaser will take a fee: see Edwards et al. v. Newland, 271 Pa. 1."

The will here in question clearly confers the right of alienation on the daughters; and this is enough to sustain the disposition of the case made by the court below.

Judgment affirmed