## Eichman *v.* Wall, Appellant.

*Will—Construction—Gift to widow—Power to dispose of estate
—Power to make good title to real estate.*

Where a testator gives all of his estate to his wife, provided she keeps his name, with power "to dispose of the same, as she sees proper," and "in case of her death all that she may be possessed of" to be equally divided among testator's children, the wife may convey a good title in fee simple to the real estate of which testator died seized.

Argued February 15, 1922. Appeal, No. 318, Jan. T., 1922, by defendant, from judgment of C. P. Schuylkill Co., Jan. T., 1922, No. 125, for plaintiff on case-stated, in suit of Matilda Eichman v. Samuel Wall. Before MOSCHZISKER, C. J., WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Case stated to determine marketability of real estate. Before BERGER, J.

The opinion of the Supreme Court states the facts.

Judgment for plaintiff. Defendant appealed.

*Error assigned* was judgment, but not quoting it.

*R. A. Freiler,* for appellant.

*M. J. Ryan,* for appellee.

PER CURIAM, March 6, 1922:

We adopt the following excerpts from the opinion of the court below: "This is a case-stated to determine whether plaintiff [Matilda Eichman], who contracted in writing to convey to defendant title in fee simple to a certain lot of which her husband Peter Eichman died seized, has the power to convey the fee, by virtue of his last will and testament, duly probated......The pro-

visions of the will requiring construction, to determine her power to convey, are as follows: 'I give, devise and bequeath unto my beloved wife Matilda all my property......, provided she keep my name, and to dispose of the same as she sees proper, and in case of her death all that she may be possessed of is to be equally divided between my children [naming them].' It is neither necessary nor proper, to determine the quantity of plaintiff's interest in the real estate devised to her by her husband, to reach a conclusion in respect to her right to make the contemplated conveyance: Huber's Est., 249 Pa. 90, 91. Under her husband's will, she has the right 'to dispose of the same [the entire estate] as she sees proper'......The power of disposition given to plaintiff, and the limitation over upon her death of only that portion of the testator's estate of which she might die possessed, evidence a clear intent on testator's part to give his wife the power of consuming his [whole] estate, either during her entire lifetime, or [considering the other provisions as to keeping testator's name], at least, during the period of her widowhood; this, it is clear, gives plaintiff power to convey: Allen v. Hirlinger, 219 Pa. 56, 60; Benedict v. Hawthorn, 270 Pa. 529, 531; Edwards v. Newland, 271 Pa. 1, 5." See also Grundler v. Chmielinska, 272 Pa. 197.

The judgment is affirmed.