## Luckenbill v. Reho et ux.

*Will—Devise—Power to consume—Right to sell.*

1. The power to consume real estate necessarily includes the right to convey.

2. Where testatrix devises real estate to her sister and further directs that after the death of the sister all the property devised to her "or so much thereof as may then remain unexpended," shall go to other persons named, the sister has a right to consume all of the real estate, and, consequently, the right to sell and convert it into money.

Case stated. C. P. Schuylkill Co., July T., 1926, No. 73.

*J. A. Noecker,* for plaintiff; *M. H. Spicker,* for defendant.

Koch, J., Oct. 18, 1926.—Sophy Brobt, of Llewellyn, Branch Township, County of Schuylkill, died testate on or about May 2, 1924. Her will, dated Aug. 10, 1917, was probated on June 7, 1924. It, *inter alia*, provides:

"Third. After my death, I give, devise and bequeath unto my dear sister, Mary L. Luckenbill, wife of Frank Luckenbill, the two houses, lot and stable situate in the town of Llewellyn, also all personal property absolutely.

"Fourth. After the death of my said sister, all the property hereby devised or bequeathed to her as aforesaid, or so much thereof as may then remain unexpended, I give and devise unto my two sisters, Caroline Bixler and Bertha Diabel, share and share alike."

On April 16, 1925, the said Mary L. Luckenbill entered into written articles of agreement with the defendants, covenanting to convey to the defendants on Sept. 1, 1925, or at any time previous thereto, upon the request of the defendants, at the proper costs and charges of the plaintiff, by a good and sufficient deed of conveyance, free, clear and discharged of all encumbrance, debt or demand, all that certain lot or piece of ground, situate in the town of Llewellyn, Township of Branch, County of Schuylkill and State of Pennsylvania, bounded and described as follows: "Beginning at the northeast corner of Bunting and Shobert Streets; thence along the east side of Shobert Street, north 11 degrees 30 minutes west 86.55 feet to a fence post; thence along the division fence-line separating the property hereby conveyed from the property formerly conveyed to Albert Zaagursky et al., north 78 degrees 11 minutes east 50 feet to a fence post to the west line of lot No. 100; thence along the west line of lot No. 100, south 11 degrees 30 minutes east 86.85 feet to the north side of Bunting Street; thence with the north side of Bunting

Luckenbill v. Reno et ux.

Street, south 78 degrees 30 minutes west 50 feet to the place of beginning. Being the southerly portion of lot No. 99 on the plan of the town of Llewellyn."

The full consideration is $3500, and $150 was paid upon the execution of the agreement.

The plaintiff has offered to the defendant a deed for the premises, but, because of the provisions in the will of Sophy Brobt, the defendants claim that the title offered is not a good and marketable fee simple title. Therefore, the parties to this action, in their case stated, say: "If the court is of the opinion that, under the last will and testament of Sophy Brobt, the said Mary L. Luckenbill, plaintiff above named, is vested with a good, marketable fee simple title in said property described as aforesaid, or if under said will the said Mary L. Luckenbill is authorized to convert and dispose of said real estate by a fee simple deed, then judgment to be entered in favor of the plaintiff and against the defendants in the sum of thirty-three hundred and fifty ($3350.00) dollars, with interest from the —— day of ————, A. D. 1925; but if the court is of the opinion that the said Mary L. Luckenbill took only a life estate without power and authority to convert and dispose of said real estate, then judgment to be entered for the defendants, the costs to follow the judgment, and both plaintiff and defendants reserving the right to take an appeal to the Supreme Court."

Sophy Brobt appointed said Mary L. Luckenbill sole executrix of her said last will and testament.

By the third item of the will the property is devised to Mary L. Luckenbill absolutely, and Mary L. Luckenbill's control over the property is in no way limited by the fourth item of the will, which would give to Caroline Bixler and Bertha Diabel so much of the testator's property as may remain unexpended upon the death of Mary L. Luckenbill. The fact that Mary L. Luckenbill may expend the property implies that she may convert it into money, for she certainly could not expend real estate. The devise to Caroline Bixler and Bertha Diabel is of "all the property" devised to Mary L. Luckenbill, "or so much thereof as may remain unexpended" upon the death of Mary L. Luckenbill. The language of the will allows Mrs. Luckenbill to consume the entire estate.

In Kennedy v. Pittsburgh & Lake Erie R. R. Co., 216 Pa. 575, the testator gave to his widow all his estate, both real and personal, during her natural life, with privilege to use part of the principal if she should need it, and at the decease of his wife he directed his executor to sell all his real and personal estate not used by his wife in her lifetime, and to divide the proceeds etc., and it was held that the widow had a right to consume the proceeds of both real and personal estate, and, consequently, had the power to convey the real estate.

"The power to consume real estate necessarily includes the right to convey:" Allen v. Hirlinger, 219 Pa. 56, 60. To the like effect are the cases of Hege v. Ickes, 267 Pa. 57; Benedict v. Hawthorn, 270 Pa. 529; Edwards v. Newland, 271 Pa. 1, and Eichman v. Wall, 273 Pa. 236.

The defendants have been in possession of the premises ever since the making of said articles of agreement, and we think the plaintiff is, on that account, entitled to interest on her claim from Sept. 1, 1925.

The prothonotary is directed to enter judgment in favor of the plaintiff and against the defendant for the sum of $3577.80, together with the costs of suit.

From M. M. Burke, Shenandoah, Pa.