## Koller's Estate.

*Russell C. Mauch* and *Benjamin Neiman*, for petitioner.

STEWART, P. J., Oct. 8, 1928.—This is the petition of Mary Koller, widow of the decedent, and John G. Wasser, executor of his last will and testament, for a declaratory judgment. The decedent left a wife and seven children. All of them were made parties to this proceeding. It appeared that the executor sold decedent's farm to his widow for $8280. The deed is ready for delivery, but a question having arisen as to the title, we are asked to pass on the right of the executor to make sale, and on the right of the executor to accept the receipt of the widow as payment of the consideration money. The material part of the will is as follows:

"Item. All the rest, residue and remainder of my estate, real, personal and mixed, whatsoever and wheresoever, I order and direct to be converted into money as soon as the same can conveniently be done after my decease, and for that purpose I do hereby authorize and empower my said executor, hereinafter named, to sell and dispose of my said real estate, either by Public or Private sale or sales, for the best price or prices that can be gotten for the same, and by proper deed or deeds, conveyance of assurances in the law, to be duly executed, acknowledged and perfected, to grant and convey and assure the same to the purchaser or purchasers thereof, in fee simple, And when the whole of my said residuary estate shall be converted into money as aforesaid, then I will direct that the same shall be paid to my beloved wife, Mary, for her use during her natural life, and after her death, the portion or amount then remaining, is hereby bequeathed in the following manner, viz.:

"Item. To my son Stephen Koller, the sum of Five dollars.

"Item. To my daughter Mary, wife of Earl Reiss, two Per cent. (2%) of the gross amount left for division.

"Item. After the foregoing bequests, and to each of the following sons, Viz.: Younas Koller, Joseph Koller, Rudolph Koller, Victor Koller, and Louis Koller, in five equal shares, share and share alike.

"Item. I nominate and appoint John G. Wasser, Executor of this my Last Will and Testament."

That the executor can give a title in fee simple to the farm is plain. The testator converted his real estate into personal property and directed his executor to make sale and to give deed to the purchaser. Under those circumstances, the purchaser, if he were an outsider, would take a good title, and there is no difference between an outsider and this widow. If the widow had been made the executrix, the purchaser would get a good title. In Huber v. Hamilton, 211 Pa. 289, the syllabus is: "Testator directed as follows: 'I give and devise to my beloved wife all the real and personal estate owned by me at my decease; she to dispose of any and all my real and personal estate she wishes to for her own use, so long as she remains my widow; on her decease or marriage, all of what is left to revert back to my legal heirs:' Held, that the widow took an estate in fee simple." That case is interesting because the decision was misunderstood, and it took the opinion of Chief Justice Brown, in Huber's Estate, 249 Pa. 90, to explain just what was decided. In the latter case it was held that the executor of the widow could be compelled to file an account on the petition of one of the heirs mentioned in the will of the testator. On the same subject, see Henninger v. Henninger, 202 Pa. 207; Dickinson's Estate, 209 Pa. 59; Nieman's Estate, 229 Pa. 41; Eichman v. Wall, 273 Pa. 236; Grundler et al. v. Chmielinska, 272 Pa. 197; Fassitt v. Seip, 240 Pa. 406, and Allen v. Hirlinger, 219 Pa. 56.

Upon the second matter, it will be perceived that after the whole of testator's residuary estate shall be converted into money, "the same shall be paid to my beloved wife, Mary, for her use during her natural life." Testator does not give her the interest on his estate for life, but he gives her the money absolutely with power to consume, and it is only after her death "the portion or amount then remaining" is bequeathed. Where the interest on personal property is given to a party for life, the principal cannot be paid to the legatee without her giving security for the protection of those entitled in remainder, but where she has a right to consume the principal, security is not to be required. In Hambright's Appeal, 2 Grant, 320, the syllabus is: "A devise by a husband to his wife of $3000 of his estate 'for her full use during her lifetime,' and at her death, if any left, 'I desire it' to go to other parties, entitles the widow to receive the money without security or condition." In Green's Appeal, Satterthwaite's Appeal, 42 Pa. 25, the syllabus is: "A bequest of a sum of money to one in these words, 'both principal and interest (if she needs it) during her lifetime, after which to be disposed of in like manner as the residue of my estate' (i. e., among nephews and nieces of testator), is not within the Act of Feb. 24, 1834, § 49, P. L. 83, prohibiting its payment to the primary legatee without security." In Hartman's Estate, 11 Pa. Superior Ct. 35, the syllabus is: "The gift of money for life, without any limitation over, and without the intervention of a trustee, with power to use the corpus, is a bequest absolute." Those cases were cited with approval in Welsh's Estate, 239 Pa. 616, and Kirgpatrick's Estate, 284 Pa. 583. It follows that the widow is entitled to receive the purchase money without giving security to protect the children's interest.

And now, Oct. 8, 1928, the court orders and declares that John G. Wasser, executor of the last will and testament of Josef Koller, has power to convey the property of the decedent to the widow in fee simple, and that he has

power and authority to pay her the proceeds for the consideration money therefor without requiring security (provided, of course, that all of decedent's debts and expenses of administration are paid in full) ; costs of this proceeding to be paid by the petitioners.          From Henry D. Maxwell, Easton, Pa.