(See, also, the next case.) .

Commonwealth, for use, Appellant, *v.* Roberts.

*Oleomargarine—Multiplying penalties—Act of May* 21, 1885.

The selling of oleomargarine, the having it in possession, and the exposing of it for sale on the same day, are not separate offences under the act of May 21, 1885, for which penalties can be multiplied. The sale in such a case embraces all that has gone before and leads up to it, as necessary incidents, and constitutes one completed violation of the act.

Argued Nov. 4, 1892. Appeal, No. 241, Oct. T., 1892, by plaintiff, Commonwealth to use of G. W. Russ and Allegheny County, from order of C. P. No. 3, Allegheny Co., Feb. T., 1892, No. 618, discharging rule for judgment for want of sufficient affidavit of defence. Before PAXSON, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit for penalties under act of May 21, 1885.

Plaintiff's statement averred that defendant sold one pound of oleomargarine to the informer on a specified day, and that, on the same day, prior to said sale, he had in his possession " the aforesaid article " with intent to sell the same, and, on the same day prior to the sale thereof, he exposed the aforesaid

article for sale ; that, afterwards, on the same day, at the same place, he had another article of oleomargarine in his possession with intent to sell it, and exposed it for sale.   Plaintiff claimed to recover a separate penalty for the sale, the exposure of the article for sale, and the having it in possession for sale.

Defendant filed an affidavit of defence, averring that the act of May 21, 1885, was unconstitutional, and that defendant was not liable under any circumstances for more than $100.

The court discharged a rule for judgment, in the following opinion, by PORTER, J. :

" In the twenty-nine cases entitled as above, the persons suing in the name of the commonwealth are one and the same, the questions raised by the affidavits are in all respects similar and the rules for judgment for want of sufficient affidavits of defence in the respective cases are founded upon reasons which are identical; they may, therefore, be considered together.   In a few of these cases the amount sought to be recovered in each case is one thousand dollars, and in all the other cases the court is asked to order the entry of judgment in each case for the sum of five hundred dollars.   The theory of the affidavits and statements of claim is as follows, viz. : If, on a certain day, A has in his possession two pounds of oleomargarine with intent to sell the same he is subject to a penalty of one hundred dollars, if he exposes the same for sale he incurs a second penalty of like amount, if he sells one pound he becomes liable to a third penalty of the same amount, if he then has the intent to sell the remaining pound he is to be mulct in a fourth penalty of similar amount and if he exposes the same for sale a fifth penalty of one hundred dollars is to be added.   Without passing upon the question as to whether or not a defendant in an action of this nature is required to file an affidavit of defence, the court are unanimously of opinion that this multiplication of penalties cannot be sustained.   The sale, in such a case, embraces all that has gone before and leads up to it, as necessary incidents, and constitutes one completed violation of the statute.

" In all of these cases the rules are for judgment for want of a sufficient affidavit of defence for the full amount claimed in the statement.   It is, therefore, ordered that in each of the cases the rule for judgment be discharged."

*Error assigned* was discharge of rule, quoting decree.

*A Blakeley,* for appellant.

*D. F. Patterson, Henry A. Davis* with him, for appellees.

PER CURIAM, January 3, 1893:

The judgment is affirmed for the reasons given by the learned judge of the court below.