## Allen, Appellant, *v.* Hirlinger.

*Wills—Life estate—Widow—Power of sale—Consumption of estate.*

Where a will gives property by words which primarily import a fee, but adds restrictions inconsistent therewith, the question is whether the intent is to give a lesser estate, or to impose restraints upon the estate given.   Cases of conflicting provisions are to be classified on this line of distinction.

While a devise for life, with an unlimited power to consume, does not necessarily imply a fee, yet it does enable the devisee to convey in fee.   The power to consume realty includes the power to convey.

Testator directed as follows: "All the balance, or whatever may remain then of my estate, real, personal and mixed, I give, devise and bequeath to my beloved wife whom I desire to be the real owner thereof, and for her only proper use, benefit and behoof, during her natural life, or so long as she remains my widow, with full permission to her to use and live therefrom as her necessities may require and she to have the full ownership thereof, the same as I now have, and have had during my natural life.   When my beloved wife dies, my will is, whatever may then remain of my estate, real, personal or mixed, I desire that the said remaining portion, if any, be given to my beloved daughter." *Held,* that while the widow did not take a fee simple, she had a power to consume the real estate, and therefore a power to convey it, and make a good title.

Argued May 23, 1907.   Appeal, No. 199, Jan. T., 1907, by plaintiff, from judgment of Superior Ct., Oct. T., 1905, No. 205, affirming judgment of C. P. Lancaster Co., April T., 1906, No. 9, for plaintiff on case stated in suit of Leonora Allen v. J. W. Hirlinger.   Before MITCHELL, C. J., FELL, BROWN, POTTER and ELKIN, JJ.   Reversed.

Appeal from the Superior Court.   See 33 Pa. Superior Ct. 113. The facts are stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Wm. R. Brinton,* for appellant, Leonora Allen.

*Wm. S. Furst,* for appellee, J. W. Hirlinger.

*C. E. Montgomery* and *J. W. Denlinger*, for **J. W.** Denlinger.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 25, 1907 :

The testator directed the payment of his debts and a small legacy to his daughter and then devised the residue of his estate to his wife for life or widowhood with permission to use and live therefrom and to have the full ownership, the same as he had himself during his life, and at her death whatever should remain to be given to his daughter.

The class of wills to which this belongs present inherent difficulties in construction by their indication of an intent not accurately defined in the testator's own mind, if not of double and to some extent conflicting intents. The testator gives to the first taker the estate, or, what is practically the same thing, the power to consume the whole and yet manifests his expectation at least if not his intention, that it shall not all be consumed. These two purposes, manifestly present in his mind, but not accurately defined, and their possible conflict perhaps not perceived at all, at once raise the question, has the will limited the estate given, or has it attempted to deprive the estate given of some of its essential legal properties? The cases must be classified on this line of distinction. In Good v. Fichthorn, 144 Pa. 287, it was said : "The true test of the effect of language apparently at variance with other parts of the devise, is whether the intent is to give a smaller estate than the meaning of the words of the gift standing alone would import, or to impose restraints upon the estate given. The former is always lawful and effective, the latter rarely, if ever; the first, because the testator's intention is the governing consideration in the construction and carrying out of a will ; the second, because even a clear intention of the testator cannot be permitted to contravene the settled rules of law by depriving any estate of its essential legal attributes." While similar language has been differently construed in different wills yet the difference has been in the application not in the guiding principle. The effort has uniformly been to discover the actual principal intent of the testator and where that has been clear there is no case in which it has been departed from. It has been very generally observed that the

testator, inops consilii, rarely observes or even appreciates the distinction between the two classes of cases. With the general idea in his mind that he can dispose of his property as he may please, he fails to see that he cannot make a gift and at the same time withhold it or its essential attributes. Hence the numerous cases where the effort is made to give the first taker, especially a widow, the full authority and enjoyment of the property and yet to dictate what shall be done with it in her life or particularly after her death. As the first donee is usually the principal object of the testator's bounty the presumption in case of conflict is always in his favor. Hence there is a strong trend, notably in the later cases, to construe the first gift as a fee, and the subsequent words, which appear to be repugnant, as either merely precatory, as in Good v. Fichthorn, 144 Pa. 287 and Boyle v. Boyle, 152 Pa. 108, or as expressive of a particular and subordinate intent which must fail as an attempt to deprive the estate given of its legal attributes, as in Jauretche v. Proctor, 48 Pa. 466; Levy's Estate, 152 Pa. 174; Evans v. Smith, 166 Pa. 625; Gilchrist v. Empfield, 194 Pa. 397 and Huber v. Hamilton, 211 Pa. 289.

A few cases, notably Fox's Appeal, 99 Pa. 382 and Follweiler's Appeal, 102 Pa. 581, are frequently cited as sustaining contrary views to those here expressed, but they do not. While there is room for difference of opinion as to the application there is no departure from the guiding principle of endeavoring to ascertain the testator's primary or main intent. The very first sentence of Chief Justice SHARSWOOD's opinion in Fox's Appeal is that "every will is to be construed from its four corners to arrive at the true intention of the testator." In neither that case nor Follweiler's Appeal was there any direct or express gift of a power to consume from which a fee simple could be inferred, but the inference was sought to be drawn from a reference to the disposition of "what remains" or "what shall be left" at the death of the wife, and it was held that the direct gift limited to a life estate was not enlarged by such reference.

In construing the infinite variety of phrases and expressions which testators have used to express their intentions there is room for difference of opinion as to the application of rules

and presumptions, but no case sanctions a departure from the principle that all rules and presumptions are subordinate to the intent of the testator where that is ascertained.

Some few cases in which the good faith of the life tenant has been questionable, such as LaBar's Estate, 181 Pa. 1, Tyson's Estate, 191 Pa. 218 and Trout v. Rominger, 198 Pa. 91, must be read in connection with that question.

Taking up the present will in view of the foregoing principles it does not appear to leave any doubt as to the testator's actual and main intent. The words are "Third. All the balance, or whatever may remain then of my estate, real, personal and mixed, I give, devise and bequeath to my beloved wife Leonora whom I desire to be the real owner thereof, and for her only proper use, benefit and behoof during her natural life, or so long as she remains my widow with full permission to her to use and live therefrom as her necessities may require, and she to have the full ownership thereof, the same as I now have, and have had during my natural life.

"Fourth. When my beloved wife dies, my will is whatever may then remain of my estate, real, personal or mixed, I desire that the same remaining portion, if any, be given to my beloved daughter Mary."

The gift to the widow is of the estate, she to be "the real owner thereof" and "with full permission to her to use and live therefrom as her necessities may require." And she is to have "the full ownership thereof the same as I now have, and have had during my natural life." It is plain that he meant her to have whatever her necessities should require, even to the extent of the entire estate, as he had himself undoubtedly had during his lifetime. And this idea he expressed distinctly three separate ways. And she was the judge of what her necessities should require: Lininger's Appeal, 110 Pa. 398. The gift is expressly of the estate, real, personal and mixed, blended together, and no distinction made. There was no difference in the testator's own ownership and control over the real and the personal estate during his life, and there is nothing to indicate an intention to make a difference in hers after his death. There was no limit put on her use. If she needed the whole, she was to have the whole. But it is plain that he did not think she would need the whole,

and expected that there would be something left, and this residue, be it much or little, he gave to his daughter. The terms of this latter gift are as explicit as those of the first. When the wife dies " whatever may then remain of the estate, real, personal or mixed, I desire that the same remaining portion, if any, be given to my daughter." No distinction is made again between the real and the personal estate, and an equal power to consume is implied in the expressed doubt "if any" as to there being any unconsumed residue of either.

The appellant does not have a fee simple, for she could not make a valid devise of what may be left at her death as that would go under the testator's will to his daughter. But appellant has an unlimited power to consume and as said in the very analogous case of Kennedy v. P. & L. E. R. R. Co., 216 Pa. 575, the power to consume real estate necessarily includes the power to convey. Her deed therefore will convey a good title.

Judgment reversed and judgment directed to be entered for the plaintiff on the case stated.