# Gourley's Estate.

*Will—Bequest of personalty—Power to consume—Trust and trustees—Active trust—Survivorship—Failure of charitable bequest.*

1. Testator directed a sale of his real and personal property and provided that the fund therefrom should be placed in a bank at interest for the maintenance and support of his two sisters. He also provided that "should interest not provide for their maintenance and support, the principal is to be drawn on." A person named was to act as trustee of this fund. He further provided that at the death of either of his sisters the "balance of money in bank be held for survivor to be used for her support." At the death of both sisters the balance of moneys was to be paid to a charity named. Testator died within thirty days of the execution of his will, and the remainder to the charity failed. *Held,* that the fund was not payable immediately to the sisters, but should be held by the trustee for the purposes named in the will.

2. In such a case the trust is an active one, and it did not fail because it became inoperative to protect the remainderman; nor does the failure of a charitable bequest and the resulting intestacy advance the time for distribution.

3. Wherever it is necessary for the accomplishment of any object of the creator of a trust that the legal estate should remain in the trustee, then the trust is a special active one.

4. The rule that a bequest of personalty with power to consume is presumed to be an absolute gift, is not a rule of law but a rule of construction only, in aid of discovery of the testator's intention.

Argued Oct. 9, 1912.  Appeal, No. 98, Oct. T., 1912, by Belinda Gourley and Julia Gourley, from decree of O. C. Armstrong Co., March T., 1910, No. 22, sustaining exceptions to auditor's report in Estate of Samuel H. Gourley, deceased.  Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Exceptions to report of J. H. Painter, Esq., auditor. The opinion of the Supreme Court states the case.

*Error assigned* was decree awarding the fund to trustee named in the will, instead of to testator's sisters absolutely.

*W. L. Peart,* with him *H. N. Snyder,* for appellant.— Where a fund is devised for life with the right of the devisee to use and consume the entire fund, the devisee takes the fund absolutely: Markley's Est., 132 Pa. 352; Gold's Est., 133 Pa. 495; Heppenstall's Est., 144 Pa. 259; Hartman's Est., 11 Pa. Superior Ct. 35; Zimmerman's Est., 23 Pa. Superior Ct. 130.

The life estate and the remainder are merged as to the interest of Belinda Gourley and Julia Gourley: Lynch v. Lynch, 132 Pa. 422; Gray's Est., 147 Pa. 67.

The balance must be distributed under the intestate laws subject to the devise to Belinda Gourley and Julia Gourley: Waln's Est., 156 Pa. 194; Reed's Est., 82 Pa. 428; Bell's Est., 147 Pa. 389; Moore v. Deyo, 212 Pa. 102.

*H. A. Heilman,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE FELL, January 6, 1913: The testator after directing the sale of his real and personal property provided as follows: "8. After all the expenses are paid from aforesaid sale, I request that the money remaining be placed in the Rural Valley National Bank at interest, to provide for the maintenance

and support of my sisters, Belinda Gourley and Julia Gourley. Should interest not provide for their maintenance and support the principal is to be drawn on."

"9. I request that John C. Berger act as trustee of such funds as are placed in Rural Valley National Bank for the support and maintenance of my two sisters."

"10. At the death of either of my sisters, balance of money in bank to be held for survivor to be used for her support."

"11. At the death of both my sisters the balance of moneys is to be paid to the Presbyterian Board of Foreign Missions." The bequest to the Board of Foreign Missions was void because of the death of the testator within thirty days of the execution of his will and the entire fund was claimed by the sisters of the testator, the appellants, on the ground that since they were entitled to the whole income and privileged to use the principal in case of necessity the gift was absolute. This claim was not sustained by the auditor but he awarded to them the shares to which they would be entitled under the intestate laws. This award was set aside by the Orphans' Court and the whole fund in the hands of the executors was awarded to the trustee for the purpose named in the will. From the order making this award the appeal is taken.

The rule that a bequest of personalty with power to consume is presumed to be an absolute gift is not a rule of law but a rule of construction only, in aid of discovery of the testator's intention: Tyson's Estate, 191 Pa. 218. The construction contended for by the appellants would defeat the manifest intention of the testator who created a trust to provide for the maintenance of his sisters and the survivor of them for life, and to preserve the corpus of the estate for the remainderman. The trust was an active one and it did not fail because it became inoperative for the latter purpose, nor did the failure of the charitable bequest and the resulting intestacy advance the time for distribution. "Wherever it

1913.]                Opinion of the Court.

is necessary for the accomplishment of any object of the creator of a trust that the legal estate should remain in the trustee, then the trust is a special active one": Rife v. Geyer, 59 Pa. 393; Moore's Est., 198 Pa. 611.

The decree of the Orphans' Court is affirmed at the cost of the appellants.