# Kreidler's Estate.

*Wills—Construction—Estate in fee.*

A testatrix devised her estate to her husband in the following language:

"I give and devise unto my husband Peter E. Kreidler, for himself, his heirs and assigns forever, all my house and lot of ground with all the appurtenances thereunto belonging situate in the said Borough of Bath and County and State aforesaid, together with all other lots of ground and lands belonging to me on the day of my death,......; also paying my funeral expenses and just debts if any will be on the day of my decease; and he may also keep an account of the money he had and may receive of my estate herein this will giving to him, and then order the same or such part that may remain unused by him to be paid after his death unto our son, John Snyder Kreidler, our only issue to himself the said John Snyder Kreidler and to his heirs and assigns forever."

*Held,* that the estate devised was absolute and unlimited, and the effort to deprive the absolute estate of some of its essential legal attributes failed.

Argued December 1, 1919. Appeal, No. 223, Oct. T., 1919, by John S. Kreidler, from the decree of O. C. Northampton County, dismissing exceptions to Auditor's Report in the Estate of Peter E. Kreidler, deceased. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Exceptions to auditor's report.

The court dismissed the exceptions and affirmed the auditor's report. Exceptant appealed.

*Error assigned* was in dismissing exceptions.

*C. F. Smith,* of *Smith, Paff & Laub,* for appellant, cited: Dickinson's Estate, 209 Pa. 59; Stinson's Estate (No. 1), 232 Pa. 218; Sellers v. Myers, 56 Pa. Superior Ct. 207; Spring's Estate, 216 Pa. 529; Sheets's Estate,

52 Pa. 257; Vaux v. Parke, 7 W. & S. 19; Cooper's Estate, 150 Pa. 576.

*Robert A. Stotz,* for appellee, cited: Jauretche v. Proctor, 48 Pa. 466; Good v. Fichthorn, 144 Pa. 287; Welsh's Estate, 239 Pa. 616.

OPINION BY LINN, J., February 28, 1920:

To the account of the executrix of the insolvent estate of Peter E. Kreidler, deceased, John S. Kreidler, appellant, son of decedent, filed exceptions alleging that the executrix failed to account for money belonging to decedent's estate, which money exceptant claims under the will of his mother, decedent's first wife, Martha Kreidler.

An auditor, appointed on appellant's petition to restate the account and, if necessary to make distribution, dismissed the claim. The court below confirmed the report of the auditor.

The relevant portions of the will of exceptant's mother, Martha Kreidler, are:

"Item: I give and bequeath unto my husband Peter E. Kreidler, to himself his heirs and assigns forever, all my house and lot of ground with all the appurtenances thereunto belonging situate in the said Borough of Bath and County and State aforesaid, together with all other lots of ground and lands belonging to me on the day of my death, and also together with all personal property and household furniture of whatever kind or nature belonging to me; and I do hereby authorize and impower my said Husband, Peter E. Kreidler who I will hereinafter appoint to be my executor to sign seal and execute all deed or deeds of Releases, and Releases and receipts which shall may or might be required in any part of my estate or effects, as I myself could or might do if living; he my said husband Peter E. Kreidler to pay one-fourth part of a certain Monument which is intended to be placed on a plot No.   in Green Mount

Cemetery by Mother, Brother James and myself in case the same is not paid or satisfied in my lifetime; also paying my funeral expenses and just debts if any will be on the day of my decease; and he may also keep an account of the money he had and may receive of my estate herein this will giving to him, and then order the same or such part that may remain unused by him to be paid after his death unto our son, John Snyder Kreidler, our only issue to himself the said John Snyder Kreidler and to his heirs and assigns forever.

"But in case that our said son John Snyder Kreidler should then be deceased in my said Husband's life time and leaving no issue or children, why then in such a case it would be my will that the said husband, Peter E. Kreidler, would order the same to go to my nearest relation, but nothing in these last devises to deprive the full bequeath or right of my said husband Peter E. Kreidler, except so much as will be herein after excepted." (The exception is not now material.)

Martha Kreidler died in 1873; her will was probated in 1874. At her death she was seized of a house and lot now the subject of dispute. Appellant claimed below that his father Peter E. Kreidler took "a qualified estate only in the house and lot described in the will of Martha Kreidler," such "qualified estate giving to John S. Kreidler whatever might be left of said property or the proceeds thereof in case of sale not used or consumed by Peter E. Kreidler; that Peter E. Kreidler did not use or consume" it, but made a gift of it to his second wife, the accountant who still held it.

We agree with the court below and the auditor that appellant's father took an estate in fee. This will belongs to that class where the estate devised is absolute and unlimited, with an effort to deprive the absolute estate of some of its essential legal attributes, and not to the class where the estate itself is limited: Allen v. Hirlinger, 219 Pa. 56, and the cases there referred to.

The decree is affirmed at the cost of appellant.