## Cubberley's Estate.

*Wills — Construction — Gift for life with power to consume — Absolute interests.*

1. While a gift of personal property, or of blended realty and personalty, with the right to consume is presumed to be an absolute gift, the rule is one of construction only, as distinguished from a rule of law.

2. While a life estate with power to consume includes a right to convey, a gift by will is not such consumption.

3. Testatrix devised the "rest, residue and remainder" of her estate, "real, personal and mixed," to her brother for life, with power to consume the principal as he might deem proper for his own use, with a gift over of what might be remaining at the time of his death to the C. Home. She died within thirty days of the execution of the will, and her brother died shortly afterwards without having converted certain real estate in his lifetime. By his will he charged certain pecuniary legacies on his real estate, and directed his executors to sell it, among other things, to pay them. He bequeathed his residuary estate to the C. Home: *Held*, that the right of consumption conferred upon him was limited to the use of the principal in his lifetime for his own use, and that the real estate that he had not so used passed, upon his death, as the estate of the testatrix to those entitled under the intestate laws at the time of her death, and that they, therefore, had standing to maintain a petition in partition.

Petition and answers. O. C. Phila. Co., Oct. T., 1922, No. 156.

*John J. Wilkinson*, for petitioners; *John J. Cahill*, for respondents.

LAMORELLE, P. J., Jan. 12, 1924.—The petitioners, Annette B. Kelley and Harriet T. Mitchell, nieces of Sarah T. Cubberley (being children of a brother who predeceased her), claiming an undivided one-half interest in and to premises No. 750 Passyunk Avenue and No. 751 Campbell Street (both houses being on one lot), seek to have partition thereof.

The respondents allege that Sarah T. Cubberley had no interest in the real estate, in that title to the same in fee passed by her will to her brother, William G. Cubberley, who is now deceased.

These are the relevant facts: Sarah T. Cubberley died June 15, 1921, seized, *inter alia*, of the premises in question, and by her will, dated the day of her death, she disposed thereof as part of her residuary estate as follows:

4 D. & C.

### Cubberley's Estate.

"All the rest, residue and remainder of my estate, real, personal and mixed, of whatsoever nature and kind, and wheresoever situate, I give, devise and bequeath to my brother, William G. Cubberley, if he is living at the time of my death, for and during the term of his natural life, and with power to consume any or all of the principal of said residuary estate as he may deem proper, for his own use, and upon the death of my said brother, William G. Cubberley, I give and bequeath the balance of said residuary estate that may then be remaining to the Chapin Home for Aged Blind, now at 6713 Woodland Avenue, Philadelphia.

"If my said brother should predecease me, then I give, devise and bequeath my said residuary estate to the said Chapin Home for Aged Blind, absolutely and in fee, and its successors."

Her brother survived her, and in that she died within thirty days of the execution of her will, the limitation over to Chapin Home for the Aged Blind, a charity, became of no effect.

William G. Cubberley afterwards, on March 16, 1923, died without having converted this particular real estate to his use during his lifetime. He died testate. By his will he charged a series of pecuniary legacies on his real estate and directed his executor to sell the same for the purpose, among other things, of paying such legacies. His residuary estate he bequeathed unto Chapin Home for the Blind.

Petitioners accordingly contend that Sarah T. Cubberley died intestate as to this real estate, subject to the life interest given William G. Cubberley, because there was no consumption thereof by him in his lifetime.

Answers are filed by William O. Armstrong as executor and trustee under the will of Sarah T. Cubberley and as executor and trustee under the will of William G. Cubberley, and an answer is also filed by Chapin Memorial Home for Aged Blind. Respondents claim that William G. Cubberley took a fee under the will of his sister, Sarah T. Cubberley, and, in any event, that his direction by will to convert this real estate is a consumption of same within the meaning of his sister's will.

It is admitted that the next of kin of Sarah T. Cubberley at the time of her death were the two nieces, the petitioners, and her brother, William G. Cubberley, now deceased.

The matter was heard on petition and answers.

While the pleadings do not raise the question, we have no doubt of our jurisdiction, even though we are determining title to real estate: Tyson v. Rittenhouse, 186 Pa. 137; Tyson's Estate, 191 Pa. 218. The proceeding is in the estate of Sarah T. Cubberley. No one relies on a title adverse to hers. If that were the case, that matter would have to be first adjusted; but here all parties to the controversy claim under her will, under the intestate law if she did die intestate as to any part of her estate, and under the will of William G. Cubberley: Sampson's Estate, 4 Dist. R. 204, and cases therein cited.

The matter for decision, therefore, narrows itself to a consideration of the estate given William G. Cubberley in and by the will of his sister, Sarah T. Cubberley. In that connection, the ruling of the auditing judge, who audited an account of the executor of the will of Sarah T. Cubberley, awarding proceeds of real estate to William G. Cubberley, which real estate was sold in his lifetime, has not become the law of the case. See Kellerman's Estate, 21 Dist. R. 521; 52 Pa. Superior Ct. 412; 242 Pa. 3.

A reference to the item of the will above stated shows that William G. Cubberley was given but a life estate. Its language as to this is unmistak-

able. He had the right of consumption, but that was for his own use. There was a remainder over; this remainder was limited to the unconsumed portion of the residuary estate of Sarah T. Cubberley. The remainder would have been legally good had she not died within thirty days. That the remainder falls does not go to the intent of testatrix, nor does it enlarge the life estate given in terms: Gourley's Estate, 238 Pa. 62. An intestacy as to the unconsumed real estate necessarily follows: Cox v. Sims, 125 Pa. 522. And such intestacy is of the date of the death of testatrix in 1921, and, therefore, her next of kin as of that date are entitled thereto.

While a life estate with power to consume includes a right to convey, a *gift* by will is not such consumption: Allen v. Hirlinger, 219 Pa. 56; Fassitt v. Seip, 240 Pa. 406. In the latter case, Mr. Justice Elkin, at page 411, speaking for the court, says: "Not having consumed the residuary estate of her husband in her lifetime, the wife could not dispose of it by will."

While a gift of personal property—and in the instant case the original testatrix blends the realty and personalty—with right to consume is presumed to be an absolute gift, such is not a rule of law, but one of construction: Tyson's Estate, 191 Pa. 218; Gross v. Strominger, 178 Pa. 64; Cox v. Sims, 125 Pa. 522.

Respondents' argument that an intestacy is never to be presumed is answered by what Mr. Justice Williams says in Cox v. Sims, 125 Pa. 522, at page 525: "The appellee takes the further position that, unless the construction for which she contends be adopted, the testator must be held to have died intestate as to the fee of his lands. If this turns out to be so, it affords no sufficient reason for disregarding the plain provisions of the will."

Many authorities are cited by respondents in support of their theory that William G. Cubberley took a fee; they all, however, are distinguishable upon their facts. In Kennedy v. Railroad Co., 216 Pa. 575, a case was stated to try title to real estate, and it was decided that a widow who had a life estate with the privilege of using part of the principal had a right to convey the real estate. Hege v. Ickes, 267 Pa. 57, was a case stated "to determine marketability of title to realty." The widow, to whom testator had devised his residuary estate for life, with the further provision that if at her death, "should she have any left," an adopted daughter was to have the sum of $1000, agreed to sell to one Ickes. Said Mr. Justice Frazer (at page 59): "The sole question for our consideration is whether the widow, under the terms of the will, is authorized to consume the principal of the estate during her lifetime, it being conceded that, if such authority exists, the power to convey the property and pass a good title is necessarily included." The facts in Witmer v. Delone, 225 Pa. 450, which was also a case stated to determine title, show that testatrix bequeathed and devised her estate to her sister "to use and dispose of as she may think proper." It was held that the sister took a fee. Mr. Justice Stewart (at page 452) said: "Her fee simple estate in the land rests securely upon the written devise. Our cases all hold that a devise generally or indefinitely, with power of disposition, carries a fee. In the present case the will gives the land to Sarah J. Hostetter with absolute and unrestricted right to dispose of it in her lifetime." Houser v. Houser, 268 Pa. 401, was a case stated in ejectment between the widow and a son of testator. Testator willed and bequeathed all of his property to his wife, "to be used as she sees fit for her maintenance" as long as she lived or remained his widow. The balance was to be divided among his legal heirs. By codicil, testator provided that a farm on which he lived with his son should go to that son upon his paying $3000. The son was defendant in the ejectment.

4 D. & C.

It was held that he was entitled to the farm on his paying $3000 to the widow for her maintenance. This was the only point involved.

It is possible that all of the cases on this mooted question are not in harmony, but precedents "being of little value in the construction of wills" (Long's Estate, 270 Pa. 480), and bearing in mind that "no decision construing a will rules the construction of a subsequent will" (Porter v. Bryant, 273 Pa. 435), we are of opinion that, under the will of Sarah T. Cubberley, the right of consumption conferred upon her brother was limited to use of the principal in his lifetime for his own use, and that the real estate which he did not so use passed upon his death, as the estate of his sister, to those entitled under the intestate laws as of the time of her death.

Accordingly, the prayer of the petition that an inquest in partition be awarded is granted, and counsel will submit a decree proper in the premises.