# Reighard's Estate.

*Wills—Trusts and trustees—Election of wife to take against will —Effect on other bequests—Parties to action.*

1. Where a testator, dying without issue, gives the residue of his estate in trust for ten years or until the death of his wife, with provisions as to payment of income to his wife and certain relatives, and directs that, on the termination of the trust, the principal shall be divided among a number of persons named, the shares of

those "dying prior to the period of distribution to vest in the issue" of those so dying, and further directs that if the wife refuses to take under the will, the shares to two of the wife's relations shall be void, and the wife elects to take against the will, the trust will not terminate at the end of ten years, but will continue until the death of the wife. Reighard's Est., 253 Pa. 43, explained; Disston's Est., 257 Pa. 537, distinguished.

2. Furthermore, as the will shows a purpose that the persons who take the principal shall be ascertained at the death of testator's widow, and not before, the trust cannot be terminated until that event takes place, and such persons are ascertained.

Argued March 17, 1925. Appeal, No. 148, Oct. T., 1924, by Samuel S. Reighard, beneficiary under will of decedent, from decree of O. C. Allegheny Co., Feb. T., 1924, No. 228, dismissing exceptions to adjudication, in estate of D. P. Reighard, deceased. Before MOSCHZIS-KER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication. Before MITCHELL, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed. Samuel S. Reighard, beneficiary under will of decedent, appealed.

*Error assigned* was, inter alia, decree, quoting it, and referring to record by pages.

*R. A. Henderson* and *W. C. Grubbs,* for appellant.— The time for distribution of the corpus has arrived: Long's Est., 270 Pa. 480; Moore's Est., 241 Pa. 253.

There being no purpose for the continuance of the trust so far as the remaining fifteen-seventeenths of the corpus or of the income therefrom is concerned, this corpus and income thereon should have been distributed to the beneficiaries as requested: Baughman's Est., 281 Pa. 23; Culbertson's App., 76 Pa. 145.

The fact that the trust was to terminate at the expiration of ten years, if the widow died within that time, shows that it was the intention of testator to create the

trust beyond ten years solely for the benefit of the widow and her relatives. The reason for the continuance of the trust beyond ten years having failed, that trust also falls: Young's App., 108 Pa. 17; Portuondo's Est., 185 Pa. 472; Disston's Est., 257 Pa. 537.

*Charles F. C. Arensberg*, of *Patterson, Crawford, Miller & Arensberg*, for appellee.

OPINION BY MR. CHIEF JUSTICE MOSCHZISKER, April 13, 1925:

David P. Reighard died testate on December 9, 1913, leaving a widow, who still survives, brothers and sisters and their issue and certain of the issue of others deceased. By his will, dated July 10, 1912, after making certain absolute devises and bequests to his wife, testator placed the balance of his estate in trust, "for a period of ten years from the date of my death, or during the natural life of my wife, Bell Reighard, should she survive me for a period of over ten years." This trust was for the benefit of decedent's wife, brothers and sisters, and their issue and certain of the issue of others deceased. Testator provided that, "At the expiration of the trust period aforesaid, the balance of my estate shall be divided into seventeen shares...... and distributed...... among my brothers, sisters and nephews in the following proportions," naming the persons who were to take and the shares they were to receive; then the will proceeds, "The share or shares of one or more mentioned in this paragraph, dying prior to the period of distribution, to vest in the issue of the one or more so dying." A fuller record of the document will be found in the reporter's notes to Reighard's Est., 253 Pa. 43, but the above outline is sufficient for a proper understanding of the points raised on the present appeal.

An account was filed by the trustees under testator's will, after the expiration of ten years from his death, and, on its adjudication, the beneficiaries who, if the

trust then terminated would be entitled to the princi-
pal, asked that it be declared determined and the prin-
cipal distributed to them; this the court below refused
to do, and the present appeal by one of those in interest
followed.

On a prior appeal, involving the construction of the
document now before us, Reighard's Est., supra, after
noting the fact that testator's widow had refused to take
under his will, we said: "The plain and simple scheme
of the testator has become inoperative by his wife's
election to take against his will, so far as its provisions
affect her, but no farther. He clearly contemplated the
contingency of her election not to accept his testamen-
tary provision for her, for, in directing that $50 should
be paid monthly during the continuance of the trust to
each of two relatives of his wife, he declared that these
annuities were to be paid 'upon the express condition,
however, that my wife accepts the provisions made in
this will for her, in lieu of dower, and in the event of
her refusal to so accept said provisions, then and in that
event the bequest to said Louis Lytle and Harry Reif-
snyder, and their children, hereinabove contained, shall ·
be void.' No other provision in the will was to be dis-
turbed by his wife's election to take against it, and the
unavoidable conclusion is that the testator's intention
was that all the provisions in the will, except those re-
lating to his wife and her two relatives, should continue
unaffected by her election to take against it: Expressio
unius, exclusio alterius. By her election to take against
the will the widow of the testator destroyed the trust
created for her; but how could that election strike down
the trust for others created in terms as clear as those
which had created the trust for her? The trust created
by the testator was not for her alone, but for others, *to
continue for them during her natural life;* and the in-
tention of her husband is not to be thwarted by refusal
to accept the provisions of his will, but is to be given
effect under the cardinal rule applicable to every will:

Portuondo's Est., 185 Pa. 472; Gourley's Est., 238 Pa. 62. Notwithstanding what the widow has done, the clearly expressed intention of her husband must be given effect. During a period fixed by him his beneficiaries, of whom the appellant is one, are not to have any shares in the corpus of one-half of his estate, for his express direction is that it shall be held *in trust* for them *as long as his widow shall live.* His reason for so directing is immaterial, if he created, as he clearly did, an active trust for the appellant and the other residuary legatees: Spring's Est., 216 Pa. 529."

Appellant contends, the point now pressed,—that, on the failure of testator's widow to take under his will, the period of the trust became limited to ten years (which has now expired),—was not before the court on the prior appeal, inasmuch as the ten-year period had not then come to an end; and, therefore, the matter above quoted is not binding in the instant case. It is unnecessary, however, to consider this contention, for we agree with the construction heretofore placed on testator's will; and now decide that, notwithstanding the widow's election to take against the will, she having outlived the period of ten years, the duration of her life marks the extent of the trust.

Appellant argues the present appeal as though in our former opinion we had made the entire construction of the will depend on application of the maxim "expressio unius exclusio alterius," which is not the case. Our consideration involved the will as a whole; the maxim in question was merely applied as showing that, since testator provided for certain results to ensue from his wife's failure to take under his will, it was fair to assume that, had he intended other results to follow on that contingency, for instance, the termination of the trust earlier than the death of his wife, he would have said so.

The case before us is not ruled by Disston's Est., 257 Pa. 537, 541, 543, mentioned in appellant's brief, nor

by other like authorities, which hold that, on the election of a widow to take against her husband's will, "devises or bequests, subordinate to a life estate in the widow and contingent upon her death, or payment of which is postponed until then, become presently payable," her election being "equivalent to her death." In those cases the life of the widow is not expressly used to mark the period of a trust, as in the instant case; and in the Disston opinion we took occasion to indicate that the will here involved as presenting, inter alia, a case where the widow's election worked no acceleration.

Appellant calls attention to the established rule that, no matter what may be the designated duration of the legal estate given to a trustee, it continues, in equity, only so long as the object sought to be accomplished by the trust demands, and when that demand has been fully satisfied, although the trust may not have ceased by the expiration of time, yet, if all the parties "who are or possibly might be interested in the property," being sui juris, ask for the determination of the trust, it will be so decreed, citing Baughman's Est., 281 Pa. 23, 29, and Wood's Est., 261 Pa. 480 (also see Stafford's Est., 258 Pa. 595). Here, however, the will expressly provides that the shares of those designated as beneficiaries who may die "prior to the period of distribution" are to "vest in the issue of the one or more so dying"; hence, it cannot be said that all persons "who are or possibly might be interested in the property" have petitioned for the termination of the trust. On the contrary, the will shows a purpose that those to take the principal shall be ascertained at the death of testator's wife, and not before. Since, under the construction we have put on testator's written words, there is no way of now telling who those persons, ultimately entitled to the estate (at the death of the widow), will be, the court below did not err in concluding that "no distribution can be made at

this time......and [meanwhile] the corpus must remain with the trustees."

The decree is affirmed, costs to be paid out of the trust estate.