## France's Estate

Before Van Dusen, P. J., and Sinkler, Klein, Bolger, Ladner, and Hunter, JJ.

*Cornelius C. O'Brien,* for exceptants.

*Bryan A. Hermes,* contra.

BOLGER, J., July 7, 1944.—The subject-matter of the present adjudication is properly before the court: Devereux's Estate, 50 D. & C. 509. Judge Lamorelle in directing acceleration of the substitutionary interests of testator's grandchildren in one quarter of the net income in the earlier adjudication expressly reserved decision on the other questions posed by the widow's election to take against the will. Those undisposed-of matters were not then ripe for adjudication and, since all parties had received notice and there were no exceptions taken, any present attempt to interpret that decision as accelerating or refusing to accelerate any other interest must be dismissed.

Two clauses of the will give to testator's son, Edwin, the option in dispute—to purchase stock of the France Packing Company. Under the fifth clause, after the provision for a life estate for his widow, should she survive the testator more than 10 years, Edwin is given the remainder of such interest (one quarter of the residuary estate), provided "he shall, within 90 days from the death of my said wife occurring ten years after my decease, exercise the option to buy from the said trustees, two hundred (200) shares of the capital stock of the France Packing Company at the price and upon the terms of said option and plan of purchase set forth in the following paragraph six. . . ." It is to be remarked that, although the price and terms therein are the same as set forth in paragraph six, time is the only condition affixed to this gift, such time being 90 days after the death of the widow, said death "occurring ten years after my decease". As stated, the

widow, who elected to take against the will, presently survives. This paragraph of the will is the one in dispute. However, we can derive some assistance in determining testator's intent by examining the sixth paragraph, which also gives Edwin a similar option but under different terms.

The option in the latter clause involves the same amount of stock, but the time for its exercise is fixed as the date of the widow's death and a 10-year installment payment period without interest is provided. It has annexed to it a significant condition—that Edwin dissociate himself from any business competing with that of the France Packing Company. No such condition is annexed to the gift in the fifth clause, testator no doubt having thought that the passage of time would eradicate or ameliorate whatever harm might result from Edwin's being engaged in a rival business. This element of the case is important in ascertaining testator's intentions as to when this gift should vest should the widow elect to take against the will. Edwin's failure to take up the option given in clause 6, although tendered to him by the executors, eliminates that section from the case.

As the auditing judge remarks, if, in the interpretation of clause 5, recognition be given to the fact that the widow still lives, Edwin is entitled to his gift. If, however, the fiction of her death is adopted, Edwin's gift is destroyed. In order to preserve the gift, the auditing judge adopts a partial acceleration and, although the widow be still alive, he determines the date of her figurative death to be not the date of her election, but the expiration of the 10-year period from the date of testator's death prescribed in testator's will. This result was not requested by either party, but it is the most practical and equitable, as well as legal, readjustment of a highly confused and complicated situation engendered by the necessity of giving the widow

her intestate share. Exceptions to the ruling are taken by James A. McPeak, one of the trustees, and by James A. McPeak and Raymond A. Farrell, residuary legatees. The son, Edwin, and the guardian for his children now defend the decision.

The principle employed is novel. However, the facts are unique and require novel treatment if justice is to be done. The auditing judge has picked up the pieces of the wreckage remaining after the will and the estate sustain the impact of the widow's election. The adjudication pieces together the fragments into a coherent and orderly whole, preserving the main theme and intent of the testator gathered from the four corners of the will—the gift to his son, and in substitution thereof to his son's children.

The accepted tests have been applied as laid down in the cases appropriately cited in the adjudication. To repeat, Lonergan's Estate, 303 Pa. 142, emphasized the equitable function to be performed by this court and refused to apply the allegedly inflexible principle or phrase that "the widow's election is tantamount to her death". In Disston's Estate, 257 Pa. 537, we are enjoined to find and carry out testator's chief intent with a minimum of disturbance of the general plan of the will. As in that case the court pointed out testator's children were the natural and primary objects of his bounty as distinguished from his nephews and nieces whose contingent interests were wiped out; so here we agree that the primary object of Mr. France's bounty, following the interest he gives to his widow, is contained in this legacy to his son.

The alternative of refusing the gift to the son would be not only illogical but unnatural and in conflict with testator's express mandate. The auditing judge points out that such result would be an intestacy, which is to be avoided wherever possible, and that intestacy would result in inextricable confusion because of the

impracticability of sequestering the resulting interest for the purpose of compensating the disappointed residuary legatees whose interests were cut in half by the effect of the widow's election. To this conclusion we now add that we doubt that intestacy would result because the grandchildren appear to be entitled upon default of the gift of the option. If we are correct in that conclusion, exceptants have no standing in the case.

To maintain that the court has but two alternatives in the premises, to decree, first, no acceleration, or second, if an acceleration that it must operate to advance the remainder interests to take effect at the date of the widow's election, would be to invest the doctrine with an inflexibility or rigidity which would be alien to equitable principles and which, as pointed out, would result in a distortion of testator's purpose. On the other hand, we believe that the principle possesses the degree of elasticity employed by the auditing judge. If the court can go the whole way in decreeing acceleration, if it be necessary to fulfill the mandates of the will, so can it take the lesser step of directing a partial acceleration when the same purpose is to be accomplished. The legal difficulty with the extreme alternative positions is that they both totally ignore the express provision in the will fixing a definite time for the exercise of the option, namely, *ten years after testator's death.* In Reighard's Estate, 283 Pa. 140, 144, the court said:

"Notwithstanding what the widow has done, the clearly expressed intention of her husband must be given effect".

We, therefore, are convinced of the correctness of the auditing judge's award.

Exceptants maintain that the award of one quarter of the residuary estate to Edwin, provided he execute the option, is in error because the phraseology of the

gift is "the said one-quarter of my residuary estate thus held in trust for her"; that in giving this share to Edwin testator is giving what he never created because the interest from which the widow enjoyed the income was not one quarter of the trust estate, the residue, but one quarter of the whole estate; that Edwin is entitled at most to one quarter of the net income of the estate for his life. We attach no weight to this argument, particularly since nowhere in the language is the gift limited to income. On the contrary, the dispositive phrase includes the words, "I give and devise said one-quarter to my son, Edwin A. France, absolutely." The word "absolutely" imports nothing less than principal. The subject of the gift is not what the widow enjoyed—income only—but the source which produced that income, namely, the principal of the residuary estate. We regard the will as very clear and not admitting of any inconsistency; therefore, no canons of construction need be employed: Boyer et al. v. Campbell et al., 312 Pa. 460.

Were exceptants correct in their position that the question involving the extent of the estate to be awarded to Edwin is not now pertinent and that decision on the point should be reserved until Edwin acts on the option, the administration of justice in this case would be a snare and a delusion. Edwin is entitled to know now what he is to receive in return for his money and is not to be expected to speculate on what this court would declare that interest to be after he has exercised the option.

The adjudication fixed the duration of the option at 90 days from the date of its being filed. In view of the lapse of time involved in disposing of these exceptions, and in possible appeal from our ruling, that period is hereby extended with the approval of the auditing judge. Accordingly, the adjudication is modified so as to provide that the option to Edwin shall expire 90 days

after the date of this decision or, if there be an appeal, then 90 days after the decision on appeal.

The exceptions are dismissed and the adjudication as modified is confirmed absolutely.