ESTATE OF JOHN G. FRAZER, DECEASED, KATHARINE REED FRAZER, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6682. Promulgated May 31, 1946.

*William Wallace Booth, Esq.*, for the petitioner.
*Jay O. Kramer, Esq.*, and *Hobby H. McCall, Esq.*, for the respondent.

OPINION.

LEECH, *Judge*: This proceeding involves a deficiency in Federal estate tax in the amount of $29,286.15. The issue is whether the in-

1256

terest of the decedent in two trusts created by the will of decedent's father are includible in decedent's gross estate.

The facts have been stipulated and are found as stipulated.

John G. Frazer, the decedent, died testate on April 17, 1942, a resident of Pittsburgh, Pennsylvania. Katharine Reed Frazer is his widow and one of the duly qualified executors of said decedent's estate. She, as executrix, filed a Federal estate tax return with the collector of internal revenue for the twenty-third collection district of Pennsylvania at Pittsburgh, Pennsylvania. The coexecutor, John G. Frazer, Jr., at that time was serving in the United States Army in a foreign country. Decedent was survived by his wife and two children, John G. Frazer, Jr., and Katharine Frazer Lockhart, both adults.

Robert S. Frazer was the father of John G. Frazer, the decedent, and died testate on July 31, 1936, survived by three children, i. e., John G. Frazer, decedent, Robert E. Frazer, and Sarah B. Frazer. The last will and testament of Robert S. Frazer is contained in four paragraphs. The "First" paragraph makes certain bequests. The "Second" paragraph creates a trust in the sum of $6,000, the income of which is to be paid to Bridget A. Brennen for life. It then provides:

* * * Upon the death of the said Bridget A. Brennen the trust hereby created shall immediately cease and determine, and the said trust fund shall become part of my residuary estate, and be disposed as hereinafter set forth. * * *

The "Third" paragraph disposes of his residuary estate. It directs that "All the rest, residue and remainder of my estate" shall be divided into four equal shares or parts. One share is given absolutely to each of his three children. The fourth share is given in trust, the income of which is to be paid to his daughter, Sarah B. Frazer, during the term of her natural life. It then provides:

* * * Upon the death of my said daughter the trust hereby created shall immediately cease and determine, and the trust fund shall become part of my residuary estate and be disposed of as such.

The "Fourth" paragraph contains the following provision:

In the event of either or any of my said sons or daughter dying and leaving issue, such issue shall take, absolutely, the share his or her parent would have taken if living and also the share of the above named two trust funds upon their becoming part of my residuary estate, the parent would have taken hereunder if living, free and discharged of both trusts.

Bridget A. Brennen survived the death of Robert S. Frazer.

The respondent added to the gross estate of the decedent, John G. Frazer, a one-third interest in the remainder of the two trusts created by the will of decedent's father, Robert S. Frazer, valued at $24,710.32.

Simply stated, the question presented is whether the remainder interest in the corpus of these two trusts vested in the decedent upon the

death of his father, or was contingent upon decedent surviving the life tenants. Petitioner contends that decedent's interest in the trust remainders was contingent and, since the decedent predeceased the life tenants, no interest passed to his estate. Petitioner argues that the second phrase "if living," as contained in the "Fourth" paragraph of the father's will, refers in point of time to the termination of the respective trusts. We think this is a misconception of the intent and purpose of Paragraph "Fourth."

It is a cardinal rule in the interpretation of wills that the intention of the testator is to be gathered from the language of the will, if plain when read as a whole. *In re Mitinger's Estate*, 132 Pa. Sup. 475, 480; 1 Atl. (2d) 572; *In re Scott's Estate*, 313 Pa. 155; 169 Atl. 73; *In re Raleigh's Estate*, 206 Pa. 451; 55 Atl. 1119, 1121. If the intention of the testator is apparent from the instrument, the rule of intention overrides all established rules of construction. *Allen* v. *Hirlinger*, 219 Pa. 56; 67 Atl. 907, 908; *In re James*, 146 N. Y. 78; 40 N. E. 876. The will in question is clear and concise. The intention of the testator was to divide the residue of his estate among his three children, who were the primary objects of his bounty. He bequeathed certain shares absolutely. The trust remainders, after the death of the respective life beneficiaries, became a part of his residuary estate. Upon the death of the testator these trust remainders vested immediately in those who shared the residuary estate. No contingencies to their vesting attach to these trust remainders. No substituted gift is made to the issue of testator's children, except in case of the prior death of a parent. In paragraph "Fourth" is to be found the only contingency contained in the will. Its sole purpose is to provide for the disposition of testator's estate in the event any of his children predeceased him. The language of the will seems to make this clear. It provides that "such issue shall take, absolutely, the share his or her parent would have taken if living * * *." Thus if, *and only if*, any child of the testator, Robert S. Frazer, predeceased him would the surviving children of such child take the share of their parent in the residue at the death of the testator. The phrase "would have taken if living" is otherwise without meaning. All the children of the testator survived him. Hence, paragraph "Fourth," which is purely a default provision, never became operative. Thus, the first three paragraphs of the testator's will actually and completely disposed of his estate. We are not at liberty to change this disposition by invoking rules of construction or the application of presumptions. *Allen* v. *Hirlinger*, *supra*.

In view of the simplicity of this will and the clear intent and purpose of the testator evidenced by its provisions, it will not, we think,

be helpful to analyze and distinguish the various authorities relied upon by respective counsel. We are referred to no case which we regard as sufficiently parallel in its facts to serve as a controlling authority. It is our opinion that upon the death of Robert S. Frazer legal title to one-third of the trust remainders vested in the decedent, although enjoyment thereof was postponed until the termination of the respective life estates. The decedent could have passed such interests by will and the value thereof was taxable as a part of his gross estate under section 811 (a) of the Internal Revenue Code.[1] Since other factors having a bearing upon the tax liability are stipulated.

*Decision will be entered under Rule 50.*

---

[1] SEC. 811. GROSS ESTATE.

The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

(a) DECEDENT'S INTEREST.—To the extent of the interest therein of the decedent at the time of his death.