## FRAZER'S ESTATE et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9276.

Circuit Court of Appeals, Third Circuit.

Argued Feb. 6, 1947.

Decided June 3, 1947.

P. K. Motheral, of Pittsburgh, Pa. (Wm. M. Robinson, W. A. Seifert, William Wallace Booth, and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., on the brief), for petitioners.

Melva M. Graney, of Washington, D. C. (Sewall Key, Acting Asst. Atty. Gen., and A. F. Prescott, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before BIGGS, GOODRICH, and McLAUGHLIN, Circuit Judges.

BIGGS, Circuit Judge.

The decedent, John G. Frazer, died on April 17, 1942. His father, Robert S. Frazer,[1] died on July 31, 1936, survived by three children, the decedent, the decedent's

---

[11] See footnote 8.

[12] See § 205(e) of the Emergency Price Control Act of 1942, 50 U.S.C.A.Appendix, § 925(e); Fontes v. Porter, 9 Cir., 156 F.2d 956.

[1] A Justice of the Supreme Court of Pennsylvania from 1915 until 1933. He had served as such for fourteen years when he wrote the will under consideration. Prior to his election to the Supreme Court of Pennsylvania, Robert S. Frazer had been a Judge of the Court of Common Pleas of Allegheny County for many years.

brother, Robert E. Frazer, and the decedent's sister, Sarah B. Frazer. Robert S. Frazer left a holographic will dated in September 1929 which was admitted to probate. The second, third and fourth paragraphs of the will are as follows:

"Second. I give and bequeath to my executors * * * six thousand dollars, in trust, * * * and [to] pay the net income derived therefrom to Bridget A. Brennen during the term of her natural life. * * * Neither the principal trust fund, nor the income derived therefrom to be liable for the contracts, debts or engagements of the said Bridget A. Brennen or any husband she may take. Upon the death of the said Bridget A. Brennen the trust hereby created shall immediately cease * * *, and the said trust fund shall become part of my residuary estate, and be disposed as hereinafter set forth. * * *

"Third. All the rest, residue and remainder of my estate, I direct shall be divided into four equal parts or shares, one of such shares I * * * bequeath to my son John G. Frazer [the decedent], forever, another of such shares I * * * bequeath to my daughter Sarah B. Frazer, forever, another of such shares I * * * bequeath to my son Robert E. Frazer forever, and the remaining share I * * * bequeath to the Union Trust Company of Pittsburgh * * * in trust * * * and [to] pay the net income arising therefrom to my daughter, Sarah B. Frazer, during the term of her natural life * * * neither the principal trust fund nor any instalment of income shall be liable for the debts, contracts or engagements of my said daughter, or any husband she may take. Upon the death of my said daughter the trust hereby created shall immediately cease and determine, and the trust fund shall become part of my residuary estate and be disposed of as such.

"Fourth. In the event of either or any of my said sons or daughter dying and leaving issue, such issue shall take, absolutely, *the share his or her parent would have taken if living and also* the share of the above named two trust funds upon their becoming part of my residuary estate, the parent would have taken hereunder if living, free and discharged of both trusts."

The fourth paragraph as originally written by Robert S. Frazer did not contain the words italicized above. These words were interlined by the testator.

The decedent survived his father as has been stated. The life tenants of the two trusts are still alive, as is also Robert E. Frazer. The decedent also was survived by his wife and two children, both of whom were adults. Construing the provisions of the will in the light of Section 811(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev. Code, § 811 (a),[2] the Tax Court concluded that the decedent's one-third interest in the remainders in trust was dependent upon his surviving his father but not upon his surviving the life tenants of the trust; that, therefore, a one-third interest in the trust remainders vested in him absolutely at the time of his father's death. Accordingly the Tax Court held that a one-third interest in the trust remainders was includible in the decedent's gross estate for estate tax purposes. See 6 T.C. 1255. The petitioners assert that this interpretation of Robert S. Frazer's will is erroneous in that the decedent had no interest in the trust remainders. They have petitioned for review.

The Tax Court said, "Simply stated, the question presented is whether the remainder interest in the corpus of these two trusts vested in the decedent upon the death of his father, or was contingent upon decedent surviving the life tenants." We agree.

It is conceded that the nature of the decedent's interest must be determined by the law of Pennsylvania. Blair v. Commissioner, 300 U.S. 5, 57 S.Ct. 330, 81 L. Ed. 465; Commissioner of Internal Revenue v. Childs' Estate, 3 Cir., 147 F.2d 368.

---

[2] As follows:
"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—
"(a) Decedent's interest. To the extent of the interest therein of the decedent at the time of his death;"

All parties agree that, as is obvious, if it were not for the fourth paragraph of the will a one-third interest in the trust remainders would be includible in the decedent's estate. It is the law of Pennsylvania, as it is that of most if not all of the States, that the intention of the testator is to be gathered from the whole of the will and that actual intent must prevail where it can be ascertained. The provisions of the fourth paragraph of the will must of course be read in conjunction with those of the second and third paragraphs but the words of the fourth paragraph do not support the petitioners' position for the following reasons.

■■ It is hornbook law that where ascertainment of time is necessary in construing a will, the reference point is the death of the testator unless the contrary appears clearly. In re Rzedzianowski's Estate, 148 Pa. Super. 361, 25 A. 2d 600; In re Nass's Estate, 320 Pa. 380, 382, 182 A. 401, 403, 114 A.L.R. 1; Schouler on Wills, 5th Ed. Sec. 486. We entertain no doubt therefore that the testator in the fourth paragraph in referring to his sons or daughter "dying" meant dying before he, the testator, died. We think that when the testator used the phrase "if living," second occurrence, in the fourth paragraph as quoted above (probably the first occurrence in point of time), he meant living at the time of his, the testator's death. We think a similar interpretation must be put upon the testator's intention in respect to the clause "if living", first occurrence in the paragraph. It is possible of course to construe the last "if living" clause as modifying "the share of the above named two trusts upon their becoming part of my residuary estate." This may be what the testator had in mind. As a matter of grammatical construction, however, such a clause is considered as modifying the nearest noun. Under this rule the phrase "if living" as last used in the paragraph, would be deemed to modify the word "parent" in the preceding clause.

These hypotheses and speculations, interesting as they are and cleverly worked out by the parties as they have been, none the less are not helpful for the contingency provided for in the first clause of the fourth paragraph, "In the event of either or any of my sons or daughter dying [before me] and leaving issue * * *," did not occur. The provisions of the fourth paragraph therefore never became operative and the decedent under the will of his father received an outright one-third interest in the trust remainders.

Such are our present conclusions and such they would be if we were called upon for a de novo construction of Frazer's will. We do not agree with the Tax Court that what the testator meant is "clear and concise." But this is beside the point. There is no room for the reversal of the Tax Court. Accordingly its decision will be affirmed.